1
2
Christopher P. Langan,
837 Treehaven Court, Pleasant Hill, CA 94523, Telephone:  (925) 689-7901, Facsimile:  (925) 553 3513
Email: Christopher.P.Langan@gmail.com

3
Plaintiff Pro Per

4
**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

5
**SAN FRANCISCO DIVISION**

6

| | |
|---|---|
| CHRISTOPHER P. LANGAN,<br>Individually and<br>on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>United Services Automobile Association;<br>United Services Automobile Association<br>Federal Savings Bank; J.P. Morgan Chase<br>National Corporate Services, Inc.; JPMorgan<br>Chase Bank; Chase Bank USA, N.A.;<br>Experian Data Corp.; Experian Information<br>Solutions, Inc.; Experian Services Corp.; Gulf<br>Credit Services, Inc. also known as Collection<br>Services, Inc., also known as CSI; Verizon<br>Cellco Partnership, d/b/a Verizon Wireless;<br>and DOES 4 through 25, inclusive;<br><br>Defendants. | **Case No. 13-cv-04994-JST**<br><br>**AMENDED CLASS ACTION<br>COMPLAINT FOR:<br>DAMAGES, COST, ATTORNEY FEES,<br>RESTITUTION, DECLARATORY<br>AND INJUNCTIVE RELIEF, AND;<br>DEMAND FOR JURY TRIAL**<br><br>**1. NEGLIGENCE<br>2. BREACH OF CONTRACT<br>3. VIOLATION OF THE CREDIT<br>CARD ACCOUNTABILITY &<br>RELIABILITY DISCLOSURE ACT;<br>4. VIOLATION OF THE CALIFORNIA<br>SONG-BEVERLY CREDIT CARD<br>ACT;<br>5. VIOLATION OF CALIFORNIA<br>CIVIL CODE SECTION 1671;<br>6. VIOLATION OF THE CALIFORNIA<br>ROSENTHAL FAIR DEBT<br>COLLECTION PRACTICES ACT;<br>7. VIOLATION OF THE FAIR<br>CREDIT REPORTING ACT;<br>8. VIOLATION OF THE CALIFORNIA<br>CONSUMER CREDIT REPORTING<br>AGENCIES ACT<br>9. BREACH OF COVENANT OF<br>GOOD FAITH AND FAIR DEALING<br>10. VIOLATION OF CALIFORNIA<br>BUSINESS & PROFESSIONS CODE<br>§ 17200 et seq. and § 17500 et seq;<br>11. INTENTIONAL<br>MISREPRESENTATION;** |

- 1 -

1
2
3
4
5
6
7

| | 12. NEGLIGENT MISREPRESENTATION; 13. DEFAMATION; 14. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; **Judge: Hon. Jon S. Tigar** |
|---|---|

8

9    On October 22, 2013, Plaintiff Christopher P. Langan ("Plaintiff"), filed the above-entitled

10   action in Superior Court of The State of California for the County of Contra Costa, Martinez Division.

11   On October 28, 2013, this matter was removed to the United States District Court, Northern District of

12   California, San Francisco, the Honorable Jon S. Tigar, now preceding.

13        Plaintiff, now amends said complaint as follows:

14        Plaintiff, pro per, individually and on behalf of the class described below, brings this action for

15
16   monetary damages, statutory damages, punitive damages, cost, attorney fees, restitution, declaratory

17   relief and injunctive relief; under causes of negligence, breach of contract, violations of the Credit

18   CARD Act, violations of the Cal. Song-Beverly Credit Card Act, violations of the Cal. Civ. Code §

19   1671, violations of the Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, violations of the Cal.

20   Rosenthal Fair Debt Collection Practices Act (RFDCPA), violations of the Fair Credit Reporting Act

21   (FCRA), violations of the Cal. Consumer Credit Reporting Agencies Act (CCRAA), breach of

22
23   covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation,

24   defamation, and intentional infliction of emotional distress; against Defendants, demanding a trial by

25   jury and alleges as follows:

26

27                                           - 2 -

28   _____

## <u>NATURE OF THE ACTION</u>

**1.** This is a class action on behalf of all individuals and entities such as Plaintiff.  Plaintiff was preparing to leave active duty military service, was getting a divorce, and was preparing to move from Florida to California.  Plaintiff began a review of ALL finances, specifically credit transactions, credit cards, loans, etc.

In general, the basic causes of action in which the other causes of action originate are;

**1. Negligence (Chase)**

**2. Breach of Contract (Verizon)**

**3. Violations of the Credit Card Accountability and Reliability Disclose (Card) Act; the California Song-Beverly Credit Card Act and Violation of the California Civil Code Section 1671 (USAA)**

**4. Violations of the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), the Fair Credit Reporting Act (FCRA) and the California Consumer Credit Reporting Agencies Act (CCRAA) (Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI and Experian)**

In all instances, Plaintiff initiated the disputes, using the guidelines under the Fair Debt Collection Practices Act (FDCPA) and the FCRA.  In most cases the Defendants were unresponsive in their duties and a complaint ensued.

In general, sometime in 2003, Defendants, "Chase,"[1] claimed Plaintiff had debt with Chase. Plaintiff disputed this debt and subsequently in 2005, Chase removed this debt from the Plaintiff's credit report.  In 2011, Chase issued a 1099-C for $2,756.36, which Plaintiff disputed.  Chase entered the 1099-

---

[1] *See infra named defendants paragraphs #7-#16*

C with the Internal Revenue Service (IRS), which in turn caused harm to the Plaintiff's reputation with the IRS. Plaintiff disputed the 1099-C and unlawful practices.

In general, Plaintiff discovered the following credit card from the respective credit issuer, "USAA"[2] was billing excessive and unreasonable fees and the interest rates, in violation of the Credit CARD Act and the Cal. Song-Beverly Credit Card Act. Following discovery, Plaintiff disputed the debt and unlawful practices.

Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; is a debt collector and unlawfully attempted to collect a disputed debt. Plaintiff disputed the debt and unlawful practices.

In general, "Experian,"[3] among other Defendants, reported inaccurate (unverified/validated) information without a "reasonable investigation." Plaintiff disputed the debt and unlawful practices.

In general, among other unlawful acts, "Verizon"[4] breached the current contract with the Plaintiff. Plaintiff disputed the breach and unlawful practices.

In general, subsequently, due to the above unlawful actions or inactions by all Defendants, these actions or inactions, caused debt disputes to arise. Plaintiff repeatedly contacted the Defendants disputing these debts and information placed on Plaintiff's credit report. Following the received dispute notice, debt collectors failed to stop calling after notice; debt collectors failed to verify/validate the debt; debt collectors unlawfully reported, or continue to report, a consumer's debt to a CRA after the debt collector had received, but not responded to, a consumer's written dispute; debt collectors unlawfully communicated false information concerning Plaintiff's credit information to another; furnishers of consumer credit information published inaccurate (unverified/validated) information to CRAs; furnishers

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

of consumer credit information published consumer credit information to CRAs, without a "reasonable investigation;" furnishers of consumer credit information failed to send written notice of furnishing of negative information to the CRAs to the Plaintiff; and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing, and Cal. Bus. & Prof. Code § 17500 et seq; occurred.  The breaches and violations cause the Plaintiff and class harm.

The class that Plaintiff represents is composed of disabled U.S. veteran credit consumers.  The persons in the class are so numerous (consisting of approximately 1.8 million veterans in California and 22 million nationally) that the joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and to the court.  There is a well-defined community of interest in the questions of law and facts involved that affect the parties to be represented, involves the unlawful practices of credit card issues, debt collectors, furnishers of information to credit reporting agencies and other third parties, telephone companies and cellular phone companies.  Proof of a common or single state of facts will establish the right of each member of the class to recover.  The Plaintiff's claims are typical of those of the class and Plaintiff will fairly and adequately represent the interests of the class.  There is no plain, speedy, or adequate remedy other than by maintenance of this class action, since Plaintiff is informed and believes that the damage to each Plaintiff is relatively small in that most of the statuary violation remedies are generally, $100.00 to $1,000.00 per violation.  Consequently there would be a failure of justice but for the maintenance of the present class action.  The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**JURISDICTION AND VENUE**

**2**. The Court has concurrent jurisdiction over this action pursuant to the Credit CARD Act 15 USC § 1640 (e); and the FCRA 15 USC § 1681p.

The Court has jurisdiction over this case pursuant to the RFDCPA, Cal. Civ. Code § 1788.30; the Song-Beverly Credit Card Act, Cal. Civ. Code § 1748.1; the CCRAA Cal. Civ. Code § 1785.31; and Cal. Civ. Code § 1671.

The court has jurisdiction over this action pursuant to Cal. Bus. & Prof. Code § 17200 et seq., specifically Cal. Bus. & Prof. Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Cal. Bus. & Prof. Code § 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

Plaintiffs and the class are not challenging the tariff or the rates for the service, either directly or indirectly. Plaintiffs are only challenging the manner in which Defendants bill and/or advertise services as Defendants are being purposely deceptive about verifying/validating information and performing a "reasonable investigation."

**3**. Each Defendant has sufficient minimum contacts with California, is a citizen of California, or otherwise purposefully avails itself of benefits from California, or has property in California, so as to render the

- 6 -

exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

**4.** Each Defendant conducts business in this County and entered into fiduciary contracts and/or attempted debt collection with the Plaintiff and/or other consumers in this County.

**5.** The amount in controversy, (over $25,000 for each Defendant) meets the jurisdictional threshold for classification as an unlimited civil case.

## THE PARTIES

**A. Plaintiffs**

**6.** Plaintiff is a resident of Pleasant Hill, California.  From January 9, 2003 until October 1, 2011, Plaintiff was an active duty service member.  During the times of the allegations, the Plaintiff was either a California resident serving in the United States military or a California resident.  Plaintiff is an unemployed indigent disabled veteran meeting the qualifications of Cal. Civ. Code § 1761 (g) **"disabled person."**  Plaintiff received an Honorable Discharge on October 1, 2011.  See attached "Exhibit A," a letter from the Department of Veteran Affairs (VA) illustrating Plaintiff's service connected disabilities.  Plaintiff plans to appeal this initial decision.  Plaintiff believes disabilities are 100% service related not just 90%.

Plaintiff has applied for Social Security Disability, Social Security Supplemental Income, California Disability, and California General Assistance.  Plaintiff has NOT received these benefits.

> **Cal. Civ. Code § 1761 (g): "disabled person" means a person who has a physical or mental impairment that substantially limits one or more major life activities.**
> **(1) As used in this subdivision, "physical or mental impairment" means any of the following:**
> **(A) A physiological disorder or condition, cosmetic disfigurement, or anatomical loss substantially affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory,**

**including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; or endocrine.**

**(B) A mental or psychological disorder, including intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities. "Physical or mental impairment" includes, but is not limited to, diseases and conditions that include orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, and emotional illness.**
**(2) "Major life activities" means functions that include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.**

Plaintiff is disabled and takes longer than most persons to everyday tasks, thus Plaintiff would like to request that the Court to show patience and mercy with time limitations and responses.  Plaintiff and class are a "consumers" and "debtors" within the meaning of 15 USC § 1692a(3), 15 USC § 1681a(c) and Cal. Civ. Code § 1788.2(h).

**B. Defendants**

Plaintiff is informed and believes and thereon alleges that, at all times mentioned in this complaint each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things alleged in this complaint, was acting within the course and scope of this agency and employment.

**1.** Named Defendants

7. **Defendant, United Services Automobile Association (USAA),** is, and at all times herein mentioned was, a Texas-based diversified financial services group of entities including a Texas Department of Insurance regulated reciprocal inter-insurance exchange and subsidiaries offering banking, investing, and insurance to people and families that serve, or served, in the United States military.  USAA is headquartered in San Antonio, Texas located at the USAA McDermott Building, 9800 Fredericksburg Rd., San Antonio, TX 78288.  USAA's related entities such as USAA Federal

Savings Bank (FSB) collectively share the same logo and name, "USAA." Defendant is a credit card issuer or agent of issuer, debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[5]

**8. Defendant, USAA Federal Savings Bank (FSB)** is a bank founded in 1983 and headquartered in San Antonio, Texas at 10750 McDermott Freeway, San Antonio, TX 78288-9876. Completed in 1985, this full service bank is open to the public and offers a full array of banking services. USAA FSB does business in all fifty(50) States and is part of the USAA. The FSB building is located in San Antonio, Texas, on the same property as the McDermott building.

Defendants, USAA and USAA FSB prior to July 2011 issued USAA MasterCard account # 5491-2373-1367-7778; USAA auto loan account # 1000212827; USAA unsecured personal fixed rate loan acct # 1002534707; and USAA unsecured personal fixed rate loan account # 94296175 to the Plaintiff. Collectively, these two (2) Defendants will be referred to as "USAA," in this complaint unless otherwise necessary to distinguish between Defendants.

Defendant is, and at all times herein mentioned was, regularly engaged in the practice of issuing credit cards or an agent of a person regularly engaged in the practice of issuing credit cards. Defendant is a card issuer and the Agreement is an open end consumer credit plan.[6]

Defendant is a debt collector:

> **The RFDCPA Cal. Civ. Code § 1788.2(c): The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.**

---

[5] *See infra paragraph #8.*
[6] 15 USC § 1602(i) & (k)

The definition of the "debt collector" under the California RFDCPA includes any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.  Nowhere does the Act indicate that "banks" or "original creditors" are outside the purview of the statute.  Defendant meets the RFDCPA definition of a "debt collector."

> **The RFDCPA Cal. Civ. Code § 1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.**

15 USC §§ 1692 et seq., is known as the Fair Debt Collection Practices Act (FDCPA).  Under the FDCPA, the term "debt collector" does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was originated by such person, or concerns a debt which was not in default at the time it was obtained by such person.  See 15 USC § 1692a(6)(G).  The legislative history of § 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.  **RFDCPA includes no such exclusion for banks.  Specifically, the RFDCPA does not exclude banks or original creditors which collect debts owed on debts which they originated.**

Thus, the "debt collector" in the state statute is broader than the definition in the federal statute.[78]

Further, Defendant solidifies status as a debt collector by regularly sending debt collection letters to their customers (debtors).  A debt collector subject to liability under the FDCPA where it was engaged in the business of collecting debts and regularly attempted to collect debts.[9]

---

[7] Cal. Civ. Code § 1788.2(c).
[8] *Roche v. Bank of Am.* (2013, SD Cal) 2013 US Dist LEXIS 95646.
[9] *Suellen v. Mercantile Adjustment Bureau, LLC* (2012, ND Cal) 2012 US Dist LEXIS 98640.

- 10 -

Defendant is, and all times herein mentioned was, regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.

**9. Defendant, JPMorgan Chase Bank** is a subsidiary of JPMorgan Chase & Co., is registered with the California Secretary of State as a Foreign Corporation doing business in California and has designated a registered agent: CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017. In general, sometime in 2003, Defendants, J.P. Morgan Chase National Corporate Services, Inc. and JPMorgan Chase Bank and Chase Bank USA, N.A., claimed Plaintiff had debt with them. Collectively, these three (3) Defendants will be referred to as "Chase" in this complaint unless otherwise necessary to distinguish between Defendants. Plaintiff disputed this debt and subsequently in 2005, Chase removed this debt from the Plaintiff's credit report. In 2011, Chase issued a 1099-C for $2,756.36, which Plaintiff disputed. Chase entered the 1099-C with the Internal Revenue Service (IRS), which in turn caused harm to the Plaintiff's reputation with the IRS. Defendant is a credit card issuer or agent of issuer, debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[10]

**10. Defendant, J.P. Morgan Chase National Corporate Services, Inc.,** is registered with the California Secretary of State as a Foreign Corporation doing business in California and has designated a registered agent: CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017. Defendant is a credit card issuer or agent of issuer, debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[11]

---

[10] *Id.*
[11] *Id.*

- 11 -

**11. Defendant, Chase Bank USA, National Association (N.A.)** is doing business in California (there are local branches) but is registered with the Delaware Department of State, file #0941510, as a Domestic Corporation and has designated a registered agent: The Corporation Trust Company, 1209 Orange St. Wilmington, DE, 19801

Defendant is a credit card issuer or agent of issuer, debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.

**12. Defendant, Experian Data Corp.,** is registered with the California Secretary of State as a Foreign Corporation doing business in California and has designated a registered agent: CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017.  Collectively, these three (3) Defendants, Experian Data Corp., Experian Information Solutions, Inc. and Experian Services Corp. will be referred to as "Experian" in this complaint unless otherwise necessary to distinguish between Defendants.  Experian, TransUnion Corp., and Equifax Inc., are known as the three (3) major Credit Reporting Agencies (CRA).  Defendant is a debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[12]

**The RFDCPA Cal. Civ. Code § 1788.2(b): The term "debt collection" means any act or practice in connection with the collection of consumer debts.**

Reporting consumer late payments on a debt to third parties is a routine practice in connection with the collection of consumer debts and thus debt collection activity.  Debt collectors use the

---

[12] *Id.*

reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls.  Reporting a debt is a powerful collection tool.  Thus, a CRA is also a debt collector.[13]

**13. Defendant, Experian Information Solutions, Inc.,** is registered with the California Secretary of State as a Foreign Corporation doing business in California and has designated a registered agent: CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017.  Defendant is a debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[14]

**14. Defendant, Experian Services Corp.,** is registered with the California Secretary of State as a Foreign Corporation doing business in California and has designated a registered agent: CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017.  Defendant is a debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[15]

**15. Defendant, Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI**, is, and at all times herein mentioned was, a foreign corporation or limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Pensacola, Florida.  Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI is registered with the Florida Department of State, Divisions of Corporations; Florida Document Number 252664 and Florida FEI/EIN Number 590948576.  Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI is doing business in California and has a Florida designated a registered agent:  Mr. Jeffrey A. Powell, 180 E. Burgess Rd. Suite G, Pensacola FL, 32503.  Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI,

---

[13] ***Sullivan v. Equifax, Inc.,*** 2002 U.S. Dist. LEXIS 7884, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002).
[14] *See supra paragraph #12.*
[15] *Id.*

unlawfully attempted to collect debts for Holley Navarre Water System, Inc.  Defendant is a debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[16]

**16. Defendant, Verizon Cellco Partnership, does business as (d/b/a) Verizon Wireless** is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, Delaware file number 3341134 with its principal place of business in New York City. Verizon Cellco Partnership, d/b/a Verizon Wireless's Delaware registered agent name and address is: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, New Castle, Delaware, 19801.  Subpoenas are served at Custodian of Records, Verizon Cellco Partnership, d/b/a Verizon Wireless, Subpoena Compliance, 180 Washington Valley Road, Bedminster, NJ 07921, Fax: (888) 667-0028, Voice: (800) 451-5242

Collectively, this Defendant, Verizon Cellco Partnership, d/b/a Verizon Wireless's will be referred to as "Verizon" in this complaint unless otherwise necessary to distinguish between Defendants.  Defendant is a debt collector and regularly engaged in the practice of assembling and evaluating consumer credit information on consumers for the purposes of furnishing consumer reports to third parties.[17]

**2.** Doe Defendants

**17.** The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does 1 through Does 25, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiffs further allege that each of said fictitious Doe Defendants are also responsible for the acts and occurrences hereinafter set forth.  Plaintiffs will amend this Complaint to show their true names and capacities

---

[16] *See supra paragraph #8.*
[17] *See supra paragraph #12.*

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

when the same are ascertained, as well as the manner in which each fictitious Defendant is responsible for the damages sustained by Plaintiffs.

**3.** Agents and Common Course of Conduct

**18.** At all relevant times, each Defendant was and is the agent of each of the remaining Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency.  Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants and engaged in a common cause of conduct.

Plaintiff requests service of process of the amended complaint by U.S. Marshal.  Plaintiff was authorized by the court to proceed in forma pauperis.  Service is effected by the U.S. Marshal only when specifically ordered by the court.  In general, such court-ordered service will be limited to cases where the plaintiff is authorized by the court to proceed in forma pauperis, under 28 USC 1915.  The court has discretion to order service by the U.S. Marshal.

Below list a list of Defendants and their prospective registered agents and/or corporate officers.

**Chase Bank USA, N.A.**
**Registered Agent of Service:**
**The Corporation Trust Company,**
**1209 Orange St.**
**Wilmington, DE, 19801**

**Defendant; Verizon Cellco Partnership,**
**d/b/a Verizon Wireless**
**Registered Agent of Service:**
**The Corporation Trust Company,**
**Corporation Trust Center**
**1209 Orange Street,**
**Wilmington, DE, 19801**

**Defendant; Gulf Credit Services, Inc. also**
**known as Collection Services, Inc., also**
**known as CSI,**
**Registered Agent of Service:**
**Mr. Jeffrey A. Powell,**
**180 E. Burgess Rd. Suite G,**
**Pensacola FL, 32503**

**USAA**
**c/o CEO, Mr. Josue "Joe" Robles**
**The USAA McDermott Building,**
**9800 Fredericksburg Rd.,**
**San Antonio, TX 78288**

- 15 -

USAA FSB
c/o President, Mr. David Bohne
10750 McDermott Freeway,
San Antonio, TX 78288-9876

Experian Data Corp.,
Registered Agent of Service:
CT Corporation System,
818 W. Seventh Street,
Los Angeles, CA 90017

JPMorgan Chase Bank
Registered Agent of Service:
CT Corporation System,
818 W. Seventh Street,
Los Angeles, CA 90017

Experian Information Solutions, Inc.,
Registered Agent of Service:
CT Corporation System,
818 W. Seventh Street,
Los Angeles, CA 90017

J.P. Morgan Chase National Corporate
Services, Inc.,
Registered Agent of Service:
CT Corporation System,
818 W. Seventh Street,
Los Angeles, CA 90017

Experian Services Corp.,
Registered Agent of Service:
CT Corporation System,
818 W. Seventh Street,
Los Angeles, CA 90017

## CLASS ACTION ALLEGATIONS

**19.** Plaintiffs bring this lawsuit as a class action on behalf of themselves, and all others similarly situated, as members of a proposed class pursuant to Cal. Civ. Code § 382.  The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under those provisions.

**20.** Plaintiffs bring this class action on behalf of themselves, other disabled veteran consumers/debtors throughout the United States and/or California who have, or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill

- 16 -

of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a "reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing the Plaintiff and class harm.  Plaintiffs seek to prosecute this action as a class action pursuant to the following alternative sub-classes.  The class is defined in two parts as follows: A. All disabled veteran customers of the Defendants in California who have been or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a "reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing harm ("California class"); or B. All disabled veteran customers of the Defendants in the United States, who have been or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the

- 17 -

unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a "reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing the Plaintiff and class harm ("Nationwide class").

**21.** The classes are obviously so numerous that the individual joinder of all its members is impracticable.  While the exact number and identities of class members are unknown to Plaintiff at this time, Plaintiff is informed and believe that there are millions of disabled veteran customers throughout California and the United States who have been or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a "reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of

1  good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing the Plaintiff

2  and class harm.

3  The identities of the class members can be ascertained through appropriate discovery, from

4  records maintained by Defendants and their agents.

5  **22.** Common questions of fact and law exist as to all class members, which predominate over any

6  questions affecting only individual members of the class. The common legal and factual questions

7  which do not vary from class member, to class member and which may be determined without

8  reference to individual circumstances of any class member include, but are not limited to, the

9

10  following:

11  The complaint could have been resolved if the Defendants provided customer service on the

12  Plaintiff's accounts. Plaintiff, called and mailed several letters (by certified receipt) outlining

13  Plaintiff's complaint, but the Plaintiff only received a response from one Defendant, USAA, prior to

14  filing his initial complaint. In general, because the strict liability of these accusatory actions are so

15  low, it is cost effective for the defendants to NOT respond and NOT to provide customer service in

16  order to settle the dispute. The defendants would rather take their chances on a consumer filing a

17  lawsuit and/or pay a low fine instead of resolving this type of complaint outside of the court.

18

19  In general and in most cases, indigent Americans like the Plaintiff and class do NOT have the

20  opportunity to seek alternatives and thus "stuck," with the Defendant's services. For example if there

21  is a debt dispute, the Defendants usually brush aside the consumer's dispute and proceed as if the

22  dispute was NEVER submitted.

23

24  Reporting consumer late payments on a debt to third parties is a routine practice in connection

25  with the collection of consumer debts and thus debt collection activity. Debt collectors use the

26  reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone

27  - 19 -

28

calls.  Reporting a debt is a powerful collection tool.  Further the RFDCPA incorporates the federal FDCPA per Cal. Civ. Code § 1788.17, listed below for your convenience.

> *The RFDCPA Cal. Civ. Code § 1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.*

Plaintiff made repeated requests to validate the debts, in accordance with the FDCPA, Section 809(b) Validating Debts (and the RFDCPA), highlighted below;

> *(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

Under the FDCPA (and the RFDCPA) and the federal FCRA and it's California counterpart the California Consumer Credit Reporting Agencies Act CCRAA because Plaintiff disputed this debt in writing, within 30 days of receipt of the Defendant's notice, the Defendants must obtain verification of the debt or a copy of the judgment against Plaintiff and mail these items to Plaintiff at their expense. The Defendants cannot add interest or fees except those allowed by the original contract or state law. The Defendants do not have to respond to this dispute but if they do, any attempt to collect this debt without validating it, violates the FDCPA (and the RFDCPA).

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

Thus, if the Defendants have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, the defendants must immediately inform the CRAs of the Plaintiff's dispute with this debt. Reporting information that the defendants know to be inaccurate or failing to report information correctly violates the FCRA 1681s-2 and the CCRAA.

Further, if the defendants have not reported this debt to a CRA or CB, then the defendants cannot do so because reporting consumer late payments on a debt to third parties is a routine practice in connection with the collection of consumer debts and thus debt collection activity. Therefore, the defendants violated the FDCPA, (and the RFDCPA) by continuing collection efforts until the defendants obtain verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

The time for arbitration and other alternative means to resolution was months ago, prior filing the complaint, but since the defendants KNOW a majority of their customers are not able to file a complaint on their own, the Defendant's strategy is NOT to respond unless there is a law suit, thus defeating the reasoning for arbitration, which is to avoid lawsuits.

In addition, by reporting this information in this fashion the consumer is hampered in obtaining subsequent credit lines, which might otherwise enable them to transfer the balance of the account to another lender having the aggregate effect of locking them into a long term, high interest loan with the defendants.

The consumer is stuck without an alternative means of resolution.

In general, among other unlawful acts, "Verizon" breached current contract with the Plaintiff. Plaintiff was denied lawful contract terms, terms set forth through the Federal Communications

- 21 -

Commission Consent Decrees and regulations, the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements.

In general, sometime in 2003, Defendants, "Chase," claimed Plaintiff had debt with them. Plaintiff disputed this debt and subsequently in 2005, Chase removed this debt from the Plaintiff's credit report. In 2011, Chase issued a 1099-C for $2,756.36, which Plaintiff disputed. Chase entered the 1099-C with the Internal Revenue Service (IRS), which in turn caused harm to the Plaintiff's reputation with the IRS. This erroneous tax information was maliciously provided to the IRS by Chase.

In general, Plaintiff discovered the following credit card, "USAA," was billing excessive and unreasonable fees and interest rates in violation of the Credit CARD Act and the Cal. Song-Beverly Credit Card Act. Following discovery, Plaintiff disputed the debt and unlawful practices.

Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; is a debt collector and unlawfully attempted to collect the disputed debt.

In general, "Experian," among other Defendants, reported inaccurate (unverified/validated) information without a "reasonable investigation."

Plaintiff sent correspondence by U.S. mail certified receipt to Defendants asking to verify/validate the debt.[18] The debts were not verified.[19] Defendants received and signed for said correspondence.

Plaintiff requested a copy of his credit report from the three (3) CRAs. Plaintiff received the CRA reports and subsequently Plaintiff disputed the information. Plaintiff alerted the CRAs and the debt collectors that Plaintiff was disputing the information with the CRAs.[20] However, these alerts or

---

[18] *See infra paragraph #56 and "Exhibits E, L, N, O and R."*
[19] *Id.*
[20] *See infra #56 and "Exhibits B, E, L, N, O and R."*

communications (some oral) were in the form of demand and/or settlement letters that resembled Plaintiff's complaint and thus not appropriate for the Court.  Plaintiff also contacted the Attorney General of the State of California and the Federal Trade Commission.

Plaintiff has communicated his complaint by numerous phone conversations and correspondence by letter through the United States Post Office, which Defendants signed for.  These conversations and correspondence were with Defendants' personnel.  Plaintiff considers administrative remedies EXHAUSTED.

In general, subsequently, due to the above unlawful actions or inactions by all Defendants, debt disputes arose and are on-going.  Plaintiff had erroneous tax information maliciously provided to the IRS, has been denied lawful contract terms and suffered harm due to the unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements.

In general, Plaintiff repeatedly contacted the Defendants disputing these debts and the information placed on Plaintiff's credit report.  Following the received dispute notice, debt collectors failed to stop calling after notice; debt collectors failed to verify/validate the debt; debt collectors unlawfully reported, or continue to report, a consumer's debt to a CRA after the debt collector had received, but not responded to, a consumer's written dispute; debt collector unlawfully communicated false information concerning Plaintiff's credit information to another; furnishers of consumer credit information published inaccurate (unverified/validated) information to CRAs; furnishers of consumer credit information published consumer credit information to CRAs, without a "reasonable investigation;" furnishers of consumer credit information failed to send written notice of furnishing of negative information to the CRAs to the Plaintiff; and thus unlawful practices under Cal. Civ. Code §

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing the Plaintiff and class harm.

The reporting of unverified/unvalidated information without a reasonable investigation has had a disparative effect on Plaintiff's credit rating. The information has lowered the ratio between available credit and credit utilization to the point that it actually displays as a negative ratio whereby Plaintiffs utilized credit is in excess of Plaintiff's available credit.

Punitive damages are warranted because Defendants had a financial motive to willingly and purposely report this information and did so by established company policy showing knowledge and intent aforethought. By reporting this information in this fashion the consumer is hampered in obtaining subsequent credit lines, which might otherwise enable them to transfer the balance of the account to another lender having the aggregate effect of locking them into a long term, high interest loan with the Defendants.

**22.** The named Plaintiff's claims are typical of the claims of the class members, and the representative Plaintiff's interests are coincident with and not antagonistic to those of the other class members they seek to represent. Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this action vigorously.

**23.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

judgments and would magnify the delay and expense to all parties and to the court system resulting

from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a

class action, with respect to some or all of the issues presented in this Complaint, presents fewer

management difficulties, conserves the resources of the parties and of the court system, and protects

the rights of each class member.

**24.** Individual actions by class members may create a risk of adjudications with respect to them that

would, as a practical matter, be dispositive of the interests of other class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party class members

to protect their interests.


## **FIRST CAUSE OF ACTION**

## **NEGLIGENCE**

**Defendants, JPMorgan Chase Bank; J.P. Morgan Chase National Corporate Services, Inc.; and**

**Chase Bank USA, N.A.**

**25.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 24, inclusive, of

this complaint as if fully set forth herein.

**26.** The allegations of this complaint stated on information and belief are likely to have evidentiary

support after a reasonable opportunity for further investigation or discovery.

**27.** Plaintiff alleges the following;

**28.** In general, sometime in 2003, Defendants, "Chase," claimed Plaintiff had debt with Chase.

Plaintiff disputed this debt and subsequently in 2005, Chase removed this debt from the Plaintiff's

credit report.  In 2011, Chase issued a 1099-C for $2,756.36, which Plaintiff disputed.  Chase entered

- 25 -

the 1099-C with the IRS.  The addition of the 1099-C to the Plaintiff's 2011 taxes, caused plaintiff to have to pay more taxes.  Plaintiff also contends there was no debt.

**29.** If said debt existed; it is unclear when the debt was forgiven.  Creditors are required to issue a 1099-C for the tax year in which an identifiable event took place.  The debt dispute was initiated in 2003, see "Exhibit L" pages 1-2, the debt was removed from the three (3) CRAs in 2005.  See "Exhibit L" page 3-4.  The IRS uses the "expiration of a non-payment testing period," to determine when the 1099-C should be issued.  See "Exhibit L" pages 22-26.  "The testing period is the 36-month period (not including a bankruptcy stay, if one applies) ending at the close of the year when there hasn't been any payment or the creditor hasn't engaged in any significant collection activity."  Significant bona fide collection activity does not include nominal or ministerial collection action, such as an automated mailing.  Facts and circumstances indicating that a debt was not canceled include the existence of a lien relating to the debt (up to the value of the security) or the sale or packaging for sale of the debt by the creditor.

**30.** There has been no activity on the debt since 2003, thus 2011 is outside the appropriate time period.  Even if 2005 is used, the 1099-C is still outside the appropriate time period.  If the creditor (Chase) has not done anything to collect for 36 months, the following year, Chase is required to send the taxpayer a 1099-C or not at all, and thus Chase waited too long to send a 1099-C (if a 1099-C is applicable).  Again, both 2003 and 2005 are outside the appropriate time period for Chase to issue a 1099-C.

**31.** The recent tax case, ***Stewart v. Commissioner***[21], supports the Plaintiffs position.  In ***Stewart v. Commissioner***, Stewart defaulted on a credit card debt owed to MBNA somewhere between 1994 and 1996.  The debt was sold to two collection agencies.  Stewart did not make any payments and sent the last collection agency, Portfolio Recovery Associates (PRA), a cease contact letter instructing them not

---

[21] ***Stewart v. Commissioner,*** T.C. Summary Opinion 2012-46

to contact him again.  At that point, PRA filed a 1099-C in the amount of $8,570.71 for the tax year 2008.  The Court determined that there was no cancellation of debt in 2008.

**32.** The American Institute of Certified Public Accountants do not condone this practice, and recommend the IRS to amend the current regulations "to require a lender to issue a Form 1099-C only for the year that a debt is legally discharged."  See "Exhibit L" pages 22-26.

**33.** In a certified receipt letter, Plaintiff requested, in accordance with the FDCPA § 809(b), for the Defendants to validate the respective debts.[22]

The initial correspondence included an additional request in accordance with the FDCPA, § 805(c): Ceasing Communication.[23]

**34.** Plaintiff requested verification/cease communication in letters sent on February 8, 2012, March 22, 2011, March 23, 2012, and April 4, 2012, which Chase signed for on February 13, 2012, March 25, 2012, .  Chase responded in writing on February 17, 2012 and April 18, 2012.  See "Exhibit L."

**35.** Plaintiff disputed this Chase's actions repeatedly, and Chase responded, see "Exhibit L" page 11.  Chase's response and knowledge of the law illustrates Chase's tactics are malicious and done solely to seek punishment against the Plaintiff and class.

**36.** As a further direct and legal result of the negligence of the Defendant, the Plaintiff has incurred and will continue to incur, related expenses.  Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**37.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**38.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows:

---

[22] *See infra paragraph # 56 and "Exhibit L."*
[23] *Id.*

- 27 -

humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**39.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**40.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

**Defendants; Verizon Cellco Partnership, d/b/a Verizon Wireless**

**41.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 24, inclusive, of this complaint as if fully set forth herein.

**42.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**43.** Plaintiff alleges the following;

**44.** Plaintiffs and the class entered into oral and written contracts with Defendants wherein Defendants promised to provide cellular service to Plaintiffs and the class in exchange for Plaintiffs and the class paying Defendants a monthly fee.  Each of these contracts were form adhesions contracts which included the same material terms.  Plaintiffs and the class have performed all conditions, covenants and promises required to be performed on their part in accordance with the contracts.  In the contracts, Defendants promised that Plaintiffs and the class would pay a certain monthly fee.  Defendants breached the contracts by charging higher monthly fees than set forth in the contract and not providing services for which Plaintiffs and the class were paying fees.

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**45.** Per Plaintiff's contract, Plaintiff has "unlimited data," as part of his cellular service, however this feature was erroneously removed from one (1) of Plaintiff's lines.

**46.** In general, Verizon denies Plaintiff's "personal hotspot" claim should be included in "unlimited data," and thus "personal hotspot" is included in Plaintiff's contract. "Personal hotspot" is a featured added to the Apple operating system (iOS) with version 4.3 (March 2011) that allows iPhones to share their cellular data connections to provide Internet access to other devices nearby. Tethering refers to connecting one device to another. In the context of mobile phones or internet tablets, tethering allows sharing the internet connection of the phone or tablet with other devices such as laptops. Connection of the phone or tablet with other devices can be done over wireless LAN (Wi-Fi), over Bluetooth or by physical connection using a cable for example, through USB. If tethering is done over Wi-Fi, the feature is branded as a "mobile hotspot." Plaintiff contends Verizon's "personal hotspot," is a "mobile hotspot." The internet-connected mobile device can thus act as a portable wireless access point and router for devices connected to it.

**47.** In general, the Defendants' actions above and their agents charging or attempting to charge unagreed additional fees for services already included, violates Federal Communications Commission regulations and Consent Decrees, California Consumer Bill of Rights Governing Telecommunications Services General Order No. 168 and § 27.16 of the Commission's rules and the 700 MHz Second Report and Order. See 47 C.F.R. § 27.16(b); Service Rules for the 698-746, 747-762, and 777-792 MHz Bands, Second Report and Order, 22 FCC Rcd 15289, 15365, ¶ 206 (2007) ("700 MHz Order").

**48.** Plaintiff was very specific and clear as to the terms he agreed to. This was an oral contract done over the phone. Per Verizon's settlement agreement and the rules and regulations above, Verizon cannot prevent the "mobile hotspot" also known as "personal hotspot," feature from working, especially if the customer has a preexisting "unlimited data," plan.

**49.** In a certified receipt letter, Plaintiff requested, in accordance with the FDCPA § 809(b), for the Defendants to validate the respective debts.[24]

The initial correspondence included an additional request in accordance with the FDCPA, § 805(c): Ceasing Communication.[25]

**50.** Plaintiff requested verification/cease communication in letters sent on March 2, 2013 and May 6, 2013, which Verizon signed for on March 7, 2013, and May 10, 2013.  Verizon signed for other letters on October 2, 2012, November 29, 2012, December 10, 2012 and October 1, 2013.  See "Exhibit R."

**51.** As a direct and proximate result of the breach of contract, Plaintiff and the class suffered and will continue to suffer economic losses and other general and specific damages, all in an amount to be determined according to proof at the time of the trial.

**52.** Plaintiff is informed and believes, and based thereon alleges that Defendants have acted with oppression, fraud, and/or malice, and have deliberately caused and have intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of their conduct.  Therefore, Plaintiff and the class should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this conduct and to deter similar conduct on their part in the future.

**53.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

---

[24] *See infra paragraph # 97 and "Exhibit R."*
[25] *Id.*

**PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**
**CASE NO. 13-CV-04994-JST**

**THIRD CAUSE OF ACTION**

**BREACH OF CREDIT CARD ACT (15 USC §§ 1665d & 1637)**

**Defendants; USAA and USAA FSB.**

**54.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 24, inclusive, of this complaint as if fully set forth herein.

**55.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**56.** On or around July 2011, Plaintiff discovered the following credit cards, "USAA", "Discover," "WAL-MART/GE Capital," and "PayPal/GE Capital,"  were billing excessive and unreasonable fees and interest rates in violation of the Credit CARD Act and the Cal. Song-Beverly Credit Card Act. Following discovery, Plaintiff contacted Defendants by telephone, email and written letter to attempt to resolve the violations.  Plaintiff's grievances were ignored by the Defendants.  Plaintiff proceeded dispute/ask for verification of the debt under the Fair Debt Collection Act.  Plaintiff also mentioned the Credit Card Act violations in other Demand/settlement letters.

     In a certified receipt letter, Plaintiff requested, in accordance with the FDCPA § 809(b), for the Defendants to validate the respective debts.  Below is an example of that letter.

> *"(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*
>
> *I respectfully requested that USAA provide me with the following information:*
>
> *1. What the money you say I owe is for*
> *2. Explain and show me how you calculated what you say I owe*

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

*3. Provide me with copies of any papers that show I agreed to pay what you say I owe:*
*4. Provide a verification or copy of any judgment if applicable*
*5. Identify the original creditor if applicable*
*6. Show me that you are license in California and provide me your license numbers."*

The initial correspondence included an additional request in accordance with the FDCPA, § 805(c): Ceasing Communication.  Below is an example of that letter.

*"According to the Fair Debt Collection Practices Act (FDCPA), [15 USC 1692c] Section 805(c): CEASING COMMUNICATION:  You must cease all communication with me after being notified in writing that I no longer wish to communicate with you. Therefore, I demand that you stop calling me at home, at work, on my cell phone or at any other location!*

*In accordance with the federal FDCPA, now that you have received this "stop calling" letter, you may only contact me to inform me that you:*

- *are terminating further collection efforts;*
- *invoking specified remedies which are ordinarily invoked by you or your company; or*
- *intend to invoke a specified remedy.*

*Be advised that I am well well aware of my rights! For instance, I know that any future contact by you or your company violates the FDCPA and that since you already have my location information, calls made by you or your company to any 3rd party concerning me violates section 805(b)2 of the FDCPA."*

For USAA, Plaintiff requested verification in a letters sent on July 30, 2011 and November 10, 2011, which USAA signed for on August 5, 2011 and November 17, 2011.  During the same period, USAA signed for the letter instructing to cease communication on August 17, 2011.  See "Exhibit E."

In November 2011, Plaintiff contacted Defendants to attempt to resolve the issue.  In November 2011, Plaintiff paid enough on each debt to ensure the debts were in good standing. Plaintiff did not pay the unreasonable fee amounts, thus there was a remainder on some of the debts.

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

From November 6, 2011 to November 11, 2011, Plaintiff paid USAA approximately $15,322.50.  See "Exhibit E" page 6.  USAA credited Plaintiff's account $2,134.14, however, the Defendant refused to remove the negative credit information on the Plaintiff's credit report.

As of August 19, 2013, USAA is still reporting the following accounts on the following reports as;

*A. USAA Traverse Auto Loan account number 1000212827*
> *1.    Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*
> *2.    Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*

*B. USAA Unsecured Personal Fixed Rate Loan 2 account number 1002534707*
> *1.    Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*
> *2.    Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011."*

*C. USAA Unsecured Personal Fixed Rate Loan 1 account number 94296175*
> *1.    Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011 and 30 days past due in June 2013."*
> *2.    Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011."*

*D. USAA World Mastercard credit card 5491-2373-1367-7778*
> *1.    Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in October 2011."*

**57.** Plaintiff alerted the CRAs and the debt collectors that Plaintiff was disputing the information with the CRAs.  See "Exhibits O."  However, these alerts or communications (some oral) were in the form of demand and/or settlement letters that resembled Plaintiff's complaint and thus not appropriate for the Court.

- 33 -

**58.** Pursuant to the federal Credit Card Act, after August 22, 2010, a "card issuer" cannot charge a "late payment fee" on an "open end consumer credit plan" that is not "reasonable and proportional."  See 15 USC § 1665d(a).

**59.** A fee is unreasonable if the fee is (1) not based on the cost to the card issuer of the violation, and (2) exceeds $25 for the first two violations, $35 for additional violations within the next six billing cycles, or 3% of the amount owing if the account is one requiring full payment at the end of each billing period.  See 12 CFR § 226.52(b)(1).

**60.** Pursuant to the federal Credit Card Act, an account statement sent each billing cycle must specify the number of months required to pay off the balance if only minimum payments are made.  See 15 USC § 1637(b)(11)(B)(i).

**61.** Defendants charged one or more penalty fees not based on cost, and in excess of $35 after August 22, 2010.

**62.** Defendants did not disclose in an account statement sent every billing cycle the number of months required to pay off the balance if only minimum payments were made.

**63.** Plaintiff also seeks an award of "twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures."  15 USC § 1640(a)(2)(A)(iii).

**64.** Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in bringing this action in an amount to be determined by the court.  See 15 USC § 1640(a)(3).

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

- 34 -

**FOURTH CAUSE OF ACTION**

**BREACH OF THE CAL. SONG-BEVERLY CREDIT CARD ACT**

**Defendants; USAA and USAA FSB.**

**65.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 24 and paragraphs 54 through 64, inclusive, of this complaint as if fully set forth herein.

**66.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**67.** Plaintiff repeatedly requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for.  Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[26]

**68.** Previous to such communication, Plaintiff had inquired of Defendant concerning a billing error, and Defendant failed and refused, and continues to fail and refuse, to correct the billing error in conformity with Cal. Civ. Code § 1747.50.  Plaintiff is informed and believes and thereon alleges that Defendant made the above-mentioned communication to the three (3) major CRA's; Experian, TranUnion and Equifax, (Experian presented the information to 27 others, TransUnion presented the information to 26 others and Equifax presented the information to 18 others, see "Exhibit B," solely because of Plaintiff's failure to pay the amount by which the outstanding balance of Plaintiff's account is, to Defendant's knowledge, greater than the correct balance.

**69.** As a further direct and legal result of the unlawful acts of the Defendants, the Plaintiff has incurred and will continue to incur, related expenses.  Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**70.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

---

[26] *See supra paragraphs #56 through #57.*

**71.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**72.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof.  Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants. See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**73.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**74.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

- 36 -

# FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

**Defendants; USAA; USAA FSB; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**75.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 24 and paragraphs 54 through 74, inclusive, of this complaint as if fully set forth herein.

**76.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**77.** Plaintiff alleges the following;

**78.** Plaintiffs and the class entered into written contracts with Defendants wherein Defendants promised to provide credit/debt to Plaintiffs and the class in exchange for Plaintiffs and the class paying Defendants a monthly fee. Each of these contracts were form adhesions contracts which included the same material terms. Plaintiffs and the class have performed all conditions, covenants and promises required to be performed on their part in accordance with the contracts. In the contracts, Defendants promised that Plaintiffs and the class would pay a certain monthly fee. Defendants breached the contracts by charging higher monthly fees than set forth in the contract and not providing services for which Plaintiffs and the class were paying fees.

**79.** As a direct and proximate result of the breach of contract, Plaintiff and the class suffered and will continue to suffer economic losses and other general and specific damages, all in an amount to be determined according to proof.

**80.** Plaintiff is informed and believes, and based thereon alleges that Defendants have acted with oppression, fraud, and/or malice, and have deliberately caused and have intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of their conduct. Therefore,

Plaintiff and the class should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this conduct and to deter similar conduct on their part in the future.

**81.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

## BREACH OF CAL. CIV. CODE § 1671

**Defendants; USAA; USAA FSB; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; Verizon Cellco Partnership, d/b/a Verizon Wireless; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**82.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 81, inclusive, of this complaint as if fully set forth herein.

**83.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**84.** The imposition by Defendants and their agents of unreasonable fees and collection penalties violates Cal. Civ. Code § 1671(d), or in the alternative Cal. Civ. Code § 1671(b).[27]  As such, the unreasonable fees and collection penalties are unlawful, void, and unenforceable.

**85.** Under Cal. Civ. Code § 1671(d), a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount which shall be presumed to be the amount of the damage sustained by a breach there of when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

---

[27] Civil Code § 1671(d) applies "where liquidated damages are sought to be recovered from either (1) A party to a contract for the retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes; or (2) A party to a lease of real property for use as a dwelling by the party or those dependent upon the party for support." Cal. Civ. § 1671(c). Civil Code § 1671(b) is otherwise applicable.

**86.** When Cal. Civ. Code § 1671(b) applies, a provision in a contract liquidating damages is void where the provision was unreasonable under the circumstances existing at the time the contract was made.

**87.** Defendants' unreasonable fees and collection penalties are unlawful liquidated damages under either § 1671(d) or (b) because: (a) they were unreasonable under the circumstances existing at the time the contract was made; (b) it would not be impracticable or extremely difficult to fix the actual costs of collection; (c) the amount of the unreasonable fees and collection penalties does not represent the result of a reasonable endeavor by the Defendants to estimate a fair compensation for any loss that may be sustained; and (d) the unreasonable fees and collection penalties imposed are designed to substantially exceed the collection costs actually incurred.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## SEVENTH CAUSE OF ACTION

## BREACH OF THE CAL. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; Verizon Cellco Partnership, d/b/a Verizon Wireless, and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**88.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 87, inclusive, of this complaint as if fully set forth herein.

**89.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

- 39 -

**The RFDCPA Cal. Civ. Code § 1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.**

**90.** Plaintiff alleges the following;

**91.** Plaintiff repeatedly requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for.  Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[28]

For Defendant, Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI, in a certified receipt letter, Plaintiff requested, in accordance with the FDCPA § 809(b), for the Defendants to validate the respective debts.[29]

The initial correspondence included an additional request in accordance with the FDCPA, § 805(c): Ceasing Communication.[30]

For Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI, Plaintiff requested verification in a letters sent on April 8, 2012, July 9, 2012, August 15, 2012 and October 7, 2012, which Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI, signed for on April 12, 2012, July 16, 2012, August 20, 2012 and October 12, 2012.

As of August 19, 2013, Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI, is still reporting the following accounts on the following reports as;

    A.   *Collection Services, 180 E. Burgess Rd. Suite G, Pensacola, FL 32503, Phone: (850) 434-0883, partial account number 2600771, Address identification number 0190532135, Original Creditor, Holley Navarre Water System.  Per Experian report number 3845-8728-72, dated August 16, 2013, "Collection account $222 past due as of August 2013.*

---

[28] *See supra paragraphs #32, #33, #49, #50, #56, and #57.*
[29] *See infra paragraph # 56*
[30] *Id.*

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

B. *CSI #26007** PO Box 1431, Pensacola, FL 32591-1431, (850) 434-0883), Per TransUnion report number 316861068, dated August 19, 2013, collection account, balance $248.*

C. *Collection Services Inc.; Collection Reported 08/2013; Assigned 02/2012; Creditor class - Utilities; Client - Holley Navarre Water System Inc.; Amount - $222 ; Status as of 08/2013 -Unpaid; Date of 1st Delinquency 02/2012; Balance as of 08/2013 - $248 ; Individual Account; Account # - 2600771; Address: 180 E Burgess Rd Pensacola FL 32503-7363 : (850) 434-0883, per Equifax report number 3228010708, dated August 16, 2013.* "See Exhibits B through D"

**92.** Defendants, without the prior consent of Plaintiff and without the express permission of any court of competent jurisdiction, telephoned Plaintiff, for the purpose of collecting a "debt" within the meaning of Cal. Civ. Code § 1788.2(d).

**93.** Despite the persistent requests and notices, Defendants continued to contacted Plaintiff by telephone and demanded payment of the sums allegedly owed.

**94.** Defendants did not supply Plaintiff with the information required by 15 USC § 1692g.

"The Defendants' conduct in attempting to collect a debt was prohibited by the Act (RFDCPA),"

It is not permissible under the RFDCPA (and thus a violation) for a debt collector to report, or continue to report, a consumer's debt to a consumer reporting agency after the debt collector has received, but not responded to, a consumer's written dispute during the 30-day validation period detailed in FDCPA § 1692g. Section 1692g(b) requires the debt collector to cease collection of the debt at issue if a written dispute is received within the 30-day validation period until verification is obtained. Reporting debt to a CRA, particularly at this stage of the collection process, constitutes "collection activity" on the part of the collector.

**95.** Defendant has not, as of yet, supplied Plaintiff with a written notice containing the information required by 15 USC § 1692g.

- 41 -

**96.** The debts in question were consumer debts per Cal. Civ. Code § 1788.2(d).

**The RFDCPA Cal. Civ. Code § 1788.2(d): The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.**

**97.** Plaintiff has not paid the debts owed to Chase; or Holley Navarre Water System, Inc. and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; or WAL-MART/GE Capital and Cach LLC formerly, Square Two Financial formerly, Collect America and J. A. Cambece Law Office, P.C.  Plaintiff still has two (2) active debts with USAA.

**98.** More than five days have passed since the initial communication.

**99.** Cal. Civ. Code § 1788.17 incorporates by reference the 15 USC § 1692e(2)(A) and § 1692e(8), which prohibits a debt collector from communicating false information to another.[31]

"The Defendants' conduct in attempting to collect a debt was prohibited by the Act," can also be satisfied because Defendants violated the RFDCPA (by reference of 15 USC § 1692e) by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.  Defendants provided information to the CRAs without verifying it or validating it OR performing a "reasonable investigation."  Plaintiff has requested documents but has not received any.  Through the discovery process, the information in question, will be concluded to meet the criteria of "known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

**100.** Defendants reported consumer debt,[32] to a consumer reporting agency.  Reporting a consumer debt to a consumer reporting agency as disputed in accordance with 15 USC § 1692e(8), when the debt collector became aware of the dispute, when the consumer sent a written dispute to the debt collector during the 30-day validation period, and no verification of the debt has been provided by the debt

---

[31] ***Quinones v. Chase Bank USA, N.A.*** (2012, SD Cal) 2012 US Dist LEXIS 54039
[32] *see supra paragraphs #56, and #57.*

collector, is an action that constitutes a continued collection activity under § 1692g(b) and is prohibited by § 1692g(b).

**101.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**102.** As a result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows:  humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**103.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants.  See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**104.** Defendants' actions herein alleged were done willfully and knowingly in violation of the RFDCPA or with gross negligence and in complete disregard of its duty to comply with the requirements of the RFDCPA.  Plaintiffs therefore request that the court assess punitive damages against defendant pursuant to Cal. Civ. Code § 1786.50(b).

**105.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**106.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

### EIGHTH CAUSE OF ACTION

### BREACH OF THE FAIR CREDIT REPORTING ACT

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**107.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 106, inclusive, of this complaint as if fully set forth herein.

**108.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**109.** Plaintiff alleges the following;

**110.** Defendants did not provide a notice of furnishing of negative information to the CRA's, in writing, to the Plaintiff.  See 15 USC § 1681n.

**111.** Plaintiff repeatedly requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for.  Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[33]

---

[33] *See supra paragraphs #44, #59, #60, #75, #76, #90, #91, #97, and #98.*

The FCRA 15 USC § 1681s-2: (a)(1)(B) Reporting information after notice and confirmation of errors.  A person shall not furnish information relating to a consumer to any consumer reporting agency if

    (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

    (ii) the information is, in fact, inaccurate.

**(7) Negative Information**

    **(A) Notice to Consumer Required**

        **(i) In general.**

        If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a(p) of <u>this title furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.</u>

**G) Definitions.**

    For purposes of this paragraph, the following definitions shall apply:

        (i) The term "negative information" means information concerning a customer' s delinquencies, <u>late payments</u>, insolvency, or <u>any form of default.</u>

        (ii) The terms "customer" and "financial institution" have the same meanings as in section 6809 of this title.

**112.** Defendants did not perform a "reasonable investigation."[34]

The FCRA 15 USC § 1681i:  (a) Reinvestigations of disputed information

    (1) Reinvestigation required

        (A) In general

        Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

---

[34] ***Johnson v MBNA Am. Bank, NA*** (2004, CA4 Va) 357 F3d 426.

**113.** Defendants continue to report information that is disputed by Plaintiff. See 15 USC § 1681s-2] § 623(a)(1)(B).[35][36]

**114.** After receiving notice of a disputed debt from a consumer reporting agency pursuant to 15 USC § 1681i(a)(2), a furnisher of information shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to 15 USC § 1681i(a)(2); (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds the information is incomplete or inaccurate, report those results to all consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. See 15 USC § 1681s-2(b)(1). 15 USC § 1681s-2(b) creates a private cause of action that can be enforced by consumers.

Any person negligent in failing to comply with any FCRA requirement is liable to affected consumers. See 15 USC § 1681o. Additionally, a person who "willfully" fails to comply with any provision of the FCRA is subject to damages. See 15 USC § 1681n.

> **The FCRA 15 USC § 1681n: (a) In general; Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**
> **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
> **(2) such amount of punitive damages as the court may allow; and**
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....**

---

[35] ***Nelson v. Chase Manhattan Mortg. Corp.,*** 282 F.3d 1057, 2002 U.S. App. LEXIS 3291, 2002 Cal Daily Op. Service 1929, 2002 Daily Journal DAR 2413 (9th Cir. Nev. 2002).
[36] *See supra information listed in paragraph #56.*

**115.** Under the FCRA, 15 USC § 1681 et seq., actual damages may include humiliation and mental distress, even in the absence of out-of-pocket expenses.  Emotional distress damages are compensable under the FCRA.  An award of damages for pain and suffering is proper where a consumer experiences humiliation resulting from three credit and lengthy dealings with a CRA.

A collector/furnisher who fails to fulfill its obligations in the reinvestigation process becomes liable to the consumer under the FCRA for actual damages and attorney fees for a negligent violation, plus additional statutory and punitive damages when the violation is willful.  15 USC §§ 1681s-2(b), 1681n (generally creating cause of action for willful noncompliance), § 1681o (generally creating cause of action for negligent noncompliance).[3738]

In addition, 15 USC § 1681s-2(b) imposes clear investigative duties on furnishers when they receive disputes from CRAs, and allows consumers to sue violators of this subsection to obtain damages (which may be punitive if the consumer shows willful violation) and attorney fees.

**116.** There were twenty-seven (27) inquiries on the Experian report # 3845-8728-72, dated August 16, 2013.  There were twenty-six (26) inquiries on the TransUnion report # 316861068, dated August 19, 2013.  There were eighteen (18) inquiries on the Equifax report # 3228010708, dated August 16, 2013. See "Exhibit B."  An incomplete total of seventeen (17) parties viewed the "information."  Plaintiff also seeks an award of $17,000.00 from each Defendant ($1000 for one (1) count for each party who viewed the "information").  See 15 USC §1681n(b).

**117.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**118.** As a result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows:  humiliation, anxiety,

---

[37] NCLC FCRA manual § 6.10 and Ch. 11.
[38] *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002).

depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**119.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar. Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for. Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit. Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants. See "Exhibit T." Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**120.** Defendants' actions herein alleged were done willfully and knowingly in violation of the FCRA or with gross negligence and in complete disregard of its duty to comply with the requirements of the FCRA. Plaintiffs therefore request that the court assess punitive damages against defendant pursuant to Cal. Civ. Code § 1786.50(b).

**121.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**122.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

# NINTH CAUSE OF ACTION

## BREACH OF THE CAL. CONSUMER CREDIT REPORTING AGENCIES ACT

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**123.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 122, inclusive, of this complaint as if fully set forth herein.

**124.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**125.** Plaintiff alleges the following;

**126.** Plaintiff repeatedly requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for.  Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[39]

**127.** In failing to comply with Cal. Civ. Code §§ 1785.11 and 1785.14(a) in the manner described above, Defendants did so willfully.

**128.** In failing to comply with Cal. Civ. Code §§ 1785.25(a) and 1785.31 in the manner described above, Defendants did so willfully.

> **Cal. Civ. Code § 1785.25(a): A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.**

> **Cal. Civ. Code § 1785.31(a): Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:**

---

[39] *See supra paragraphs #33, #49, #50, #56, and #57.*

**(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.**
**(2) In the case of a willful violation:**
    **(A) Actual damages as set forth in paragraph (1) above:**
    **(B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;**
    **(C) Any other relief that the court deems proper.**
**(3) In the case of liability of a natural person for obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose, an award of actual damages pursuant to paragraph (1) or subparagraph (A) of paragraph (2) shall be in an amount of not less than two thousand five hundred dollars ($2,500).**
**(b) Injunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of this title whether or not the consumer seeks any other remedy under this section.**
**(c) Notwithstanding any other provision of this section, any person who willfully violates any requirement imposed under this title may be liable for punitive damages in the case of a class action, in an amount that the court may allow. In determining the amount of award in any class action, the court shall consider among relevant factors the amount of any actual damages awarded, the frequency of the violations, the resources of the violator and the number of persons adversely affected.**
**(d) Except as provided in subdivision (e), the prevailing plaintiffs in any action commenced under this section shall be entitled to recover court costs and reasonable attorney's fees.**
**(e) If a plaintiff brings an action pursuant to this section against a debt collector, as defined in subdivision (c) of Section 1788.2, and the basis for the action is related to the collection of a debt, whether issues relating to the debt collection are raised in the same or another proceeding, the debt collector shall be entitled to recover reasonable attorney's fees upon a finding by the court that the action was not brought in good faith.**
**(f) If a plaintiff only seeks and obtains injunctive relief to compel compliance with this title, court costs and attorney's fees shall be awarded pursuant to Section 1021.5 of the Code of Civil Procedure.**
**(g) Nothing in this section is intended to affect remedies available under Section 128.5 of the Code of Civil Procedure.**

**129.** In ***Gorman***, the Court held, inter alia, that a consumer can pursue a private right of action, under

section 1785.25 (a)[40] of the California Civil Code, against a furnisher who reports inaccurate or

incomplete information to a consumer reporting agency. The consumer can also seek actual damages,

---

[40] ***Gorman v. Wolpoff & Abramson, LLP,*** 584 F.3d 1147, 2009 U.S. App. LEXIS 23704 (9th Cir. Cal. 2009)

punitive damages, attorney's fees and injunctive relief, and can seek to pursue claims on behalf of a class of consumers, under sections 1785.25(g)[41] and 1785.31[42] of the Code.

Furnishers already have a duty, arising under both federal and state law, to ensure that they submit accurate and complete information to consumer reporting agencies.  See 15 USC § 1681s-2(a); Cal. Civ. Code § 1785.25(a).  A consumer can sue the furnisher under state law where the furnisher has submitted information "on a specific transaction or experience to any consumer credit reporting agency" if the consumer proves the furnisher "knows or should know the information is incomplete or inaccurate."  See Cal. Civ. Code § 1785.25(a).

**130.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**131.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**132.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants. See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his

---

[41] *Id.*
[42] *Id.*

usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**133.** Defendants' actions herein alleged were done willfully and knowingly in violation of the CCRAA or with gross negligence and in complete disregard of its duty to comply with the requirements of the CCRAA. Plaintiffs therefore request that the court assess punitive damages against defendant pursuant to Cal. Civ. Code § 1786.50(b).

**134.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**135.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## TENTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; and Verizon Cellco Partnership, d/b/a Verizon Wireless.**

**136.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 135, inclusive, of this complaint as if fully set forth herein.

**137.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**138.** Plaintiff alleges the following;

- 52 -

**139.** The contracts entered into between Plaintiffs and the class, and Defendants contain an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the contracts fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff and the class from performing any or all conditions of the contracts that they agreed to perform, or any acts that would deprive Plaintiffs and the class of their benefits.  Plaintiffs and the class performed all conditions, covenants, and promises to be performed on their part in accordance with the contracts.  Defendants knew Plaintiffs and the class fulfilled all their duties and conditions under the contract and not providing services for which it and the class were paying for.  Defendants breached the implied convent and fair dealing under the contracts by engaging in the conduct complained of herein, including the unlawful acts mentioned above, than set forth in the contract.

**140.** As a direct and proximate result of the breach of the covenant of good faith and fair dealing, Plaintiff and the class suffered and will continue to suffer economic losses and other general and specific damages, all in an amount to be determined according to proof.

**141.** Plaintiff is informed and believes, and based thereon alleges that Defendants have acted with oppression, fraud, and/or malice, and have deliberately caused and have intended to cause great economic harm to Plaintiff and class with full knowledge of the wrongfulness of their conduct. Therefore, Plaintiff and the class should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this conduct and to deter similar conduct on their part in the future.

**142.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**143.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**144.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants.  See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**145.** As a further direct and legal result of the breach by the Defendants, the Plaintiff has incurred and will continue to incur, related expenses.  Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**146.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**147.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.


### **ELEVENTH CAUSE OF ACTION**

### **BREACH OF CAL. BUS. & PROF. CODE § 17200 et seq.**

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions,**

Inc.; **Experian Services Corp.; Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; and Verizon Cellco Partnership, d/b/a Verizon Wireless.**

**148.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 147, inclusive, of this complaint as if fully set forth herein.

**149.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**150.** Plaintiff alleges the following;

**151.** Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200 et seq. because Defendants' conduct is fraudulent, unfair and illegal as herein alleged. Defendants' conduct was substantially injurious to Plaintiffs.  The Defendants' alleged wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition since said Defendants are charging for a service not actually provided and advertising in a manner that is likely to deceive the public.  The Defendants' business practices are unlawful.  The practices are fraudulent because they were likely to deceive consumers into believing that the unlawful acts mentioned above were required, and also likely to deceive consumers about the overall cost. Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiffs, the class, and the public.

**152.** Case law supports the cause of action for violations of the RFDCPA.

In *Wood v. Midland*, where a debtor alleged that, despite his disputing the validity of certain debt, the creditor did not mail verification of the validity of the debt and did not cease in its collection efforts, the debtor adequately pled claims of unlawful and unfair business practices under the Cal. Bus. & Prof. Code § 17200 et seq.[43]

---

[43] ***Wood v. Midland Credit Mgmt.*** (2005, CD Cal) 2005 US Dist LEXIS 31923.

Court's finding that defendants were liable for various violations of the (FDCPA) 15 USC §§ 1692 et seq., served as a predicate for finding violations of Cal. Bus. & Prof. Code § 17200 et seq., pursuant to Bus. & Prof. Code § 17200 et seq.[44]

Consumer stated a claim under Cal. Bus. & Prof. Code § 17200 et seq., because consumer alleged a violation of California's RFDCPA, and asserted other claims.[45]

**153.** Case law also supports a cause of action under Cal. Bus. & Prof. Code § 17200 et seq., for violations arising from FCRA and CCRAA.

Court denied defendant's motion to dismiss plaintiff's claim seeking redress under the FCRA and CCRAA and Cal. Bus. & Prof. Code § 17200 et seq., for defendant's allegedly inaccurate or incomplete reporting of a debt that was discharged in bankruptcy because drawing reasonable inferences in plaintiff's favor, the complaint stated a claim that defendant breached its duty under 15 USC § 1681s-2(b)(1)(D) and CC § 1785.25(a) to report to a consumer reporting agency that the information it had previously provided about plaintiff's debt, its report that her account had been *"charged off"* under 15 USC § 1681c(a)(4) was incomplete as it had failed to report that the debt had been discharged in bankruptcy; plaintiff's allegation that the consumer reporting agency notified defendant that she disputed its reporting of her account as *"charged off"* was inherently plausible, and thus, plaintiff adequately alleged that defendant received notice of her dispute as required by 15 USC. § 1681i(a)(2); and plaintiff's factual allegations supported a claim for damages under 15 USC §§ 1681, 1681o, Cal. Civ. Code § 1785.31(a), and Cal. Bus. & Prof. Code §§ 17203-17204.[46]

Plaintiff's claim alleging violations of the FCRA, 15 USC §§ 1681s-2(b)(1), 1681o, survived defendant's motion to dismiss because plaintiff's allegation that a section of his credit report indicated

---

[44] ***Del Campo v. Am. Corrective Counseling Serv.*** (2010, ND Cal) 718 F Supp 2d 1116, 2010 US Dist LEXIS 62060.
[45] ***Johnson v. JP Morgan Chase Bank*** (2008, ED Cal) 2008 US Dist LEXIS 22604.
[46] ***Montgomery v. Wells Fargo Bank, NA*** (2012, ND Cal) 2012 US Dist LEXIS 162912.

that he owed a debt to defendant supported plaintiff's claim that defendant continued to misreport plaintiff's debt history even after plaintiff initiated his dispute with the credit reporting agency.

Because plaintiff alleged sufficient facts to support his FCRA claim, he also alleged sufficient facts to support his claim under the CCRAA, Cal. Civ. Code § 1785.25(a).  Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 et seq., was based on violations of the FCRA and CCRAA, and because both of those claims survived, his Cal. Bus. & Prof. Code § 17200 et seq., claim also survived.[47]

**154.** Plaintiffs and the class are entitled to relief, including full restitution and disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

**155.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**156.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**157.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, Plaintiff cannot obtain or require a "clearance," to work the positions Plaintiff is most qualified with "bad credit."  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants.  Plaintiff is

---

[47] ***Venugopal v. Citibank, NA*** (2013, ND Cal) 2013 US Dist LEXIS 48555.

informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**158.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**159.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## TWELFTH CAUSE OF ACTION

## BREACH OF CAL. BUS. & PROF. CODE § 17500 et seq;

**Defendants; Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; and Verizon Cellco Partnership, d/b/a Verizon Wireless.**

**160.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 159, inclusive, of this complaint as if fully set forth herein.

**161.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**162.** Plaintiff alleges the following;

**163.** Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of their goods and services, and other practices, as set forth above, which are not as advertised or as otherwise represented, constitutes unfair competition, unfair, deceptive, untrue, or

- 58 -

misleading advertising, under Cal. Bus. & Prof. Code § 17500. These advertisements and practices have deceived plaintiff, causing him to lose money or property as herein alleged, and have deceived and are likely to deceive the consuming public, in violation of those sections. Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiffs, the class, and the public.

**164.** Plaintiffs and the class are entitled to relief, including full restitution and disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

**165.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**166.** As a result, Plaintiff suffered damages to be proved at the time of trial.

**167.** As a further direct and legal result of the breach and unlawful acts by the Defendants, the Plaintiff has incurred and will continue to incur, related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**168.** The other acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

**THIRTEENTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**179.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 168, inclusive, of this complaint as if fully set forth herein.

**180.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**181.** Plaintiff alleges the following;

**182.** In general this cause of action, primarily arises from the Defendants willful violations of the Credit CARD act, negligence and violations under the Cal. Bus. & Prof. Code § 17200 et seq.

**183.** Defendants made the representations mentioned above[48], to the public by furnishing the information to the three CRAs which distributed that information to potential creditors.  See "Exhibits B, and O."  For the Defendants, Chase, the representation in question was the issuing of an unlawful 1099-C to the IRS.  See "Exhibit L."

**184.** On or about February 2012, Plaintiff requested his credit reports and saw these representations.

**185.** When the Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud the public, consumers and potential creditors for the Plaintiff and class; to induce other potential creditors NOT to supply credit to the Plaintiff and class, in order to hamper Plaintiff and class from obtaining subsequent credit lines, which might

---

[48] *See supra paragraphs #44, #59, #60, #75, #76, #90, #91, #97, and #9.*

1
2
otherwise enable them to transfer the balance of the account to another lender having the aggregate effect of locking them into a long term, high interest loan/credit card/contract with the Defendants.

3
4
Defendants had a financial motive to willingly and purposely report this information and did so by established company policy showing knowledge and intent aforethought.

5
6
**186.** Plaintiff and class rely on lawful reporting of credit information to pursue life and liberty in the U.S.

7
8
9
10
**187.** As a further direct and legal result of the unlawful acts of the Defendants, the Plaintiff has incurred and will continue to incur, related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

11
**188.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

12
13
14
15
16
**189.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

17
18
19
20
21
22
23
24
25
**190.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar. Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for. Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit. Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants. See "Exhibit T." Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his

26
27
28

**PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**
**CASE NO. 13-CV-04994-JST**

usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**191.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**192.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## FOURTEENTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**193.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 192, inclusive, of this complaint as if fully set forth herein.

**194.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**195.** Plaintiff alleges the following;

**196.** In general this cause of action, primarily arises from the Defendants willful violations of the Credit CARD act, negligence and violations under the Cal. Bus. & Prof. Code § 17200 et seq.

**197.** Plaintiff requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for.  Subsequently, Plaintiff requested a copy of his

- 62 -

credit report, received said reports, disputed/notified Defendants of said debt dispute.[49]  For the Defendants, Chase, the representation in question was the issuing of an unlawful 1099-C to the IRS. See "Exhibit L."

**198.** When Defendants made these representations, Plaintiff reported the unlawful acts and disputed the debts with Defendants, thus since Defendants did not perform a "reasonable investigation," Defendants had no reasonable ground for believing the representations to be true.

**199.** Defendants made these representations with the intention to induce other potential creditors NOT to supply credit to the Plaintiff and class, in order to hamper Plaintiff and class from obtaining subsequent credit lines, which might otherwise enable them to transfer the balance of the account to another lender having the aggregate effect of locking them into a long term, high interest loan/credit card/contract with the Defendants.

Defendants had a financial motive to willingly and purposely report this information and did so by established company policy showing knowledge and intent aforethought.

**200.** As a further direct and legal result of the unlawful acts of the Defendants, the Plaintiff has incurred and will continue to incur, related expenses.  Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**201.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**202.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

---

[49] *See supra #33, #49, #50, #56, and #57 and "Exhibits B, and O."*

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**203.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants.  See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**204.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**205.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.


**FIFTEENTH CAUSE OF ACTION**

**DEFAMATION**

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; and Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI.**

**206.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 205, inclusive, of this complaint as if fully set forth herein.

207. The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

208. Plaintiff alleges the following;

209. In general this cause of action, primarily arises from the Defendants willful violations of the Credit CARD act, negligence and violations under the Cal. Bus. & Prof. Code § 17200 et seq.

210. This is a complaint for libel. Plaintiff, who previously enjoyed a good reputation in the community, was defamed by Defendants' furnishing of said above information to Plaintiff's credit report. A copy of the publications containing the defamatory statements is attached to this complaint as "Exhibits B, C, and D."

211. For the Defendants, Chase, the representation in question was the issuing of an unlawful 1099-C to the IRS. See "Exhibit L."

212. Plaintiff requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for. Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[50]

213. When Defendants made these representations, Plaintiff reported the unlawful acts and disputed the debts with Defendants, thus since Defendants did not perform a "reasonable investigation."

214. Defendants made these representations with the intention to induce other potential creditors NOT to supply credit to the Plaintiff and class, in order to hamper Plaintiff and class from obtaining subsequent credit lines, which might otherwise enable them to transfer the balance of the account to another lender having the aggregate effect of locking them into a long term, high interest loan/credit card/contract with the Defendants.

---

[50] *Id.*

- 65 -

Defendants had a financial motive to willingly and purposely report this information and did so by established company policy showing knowledge and intent aforethought.

**215.** As a further direct and legal result of the unlawful acts of the Defendants, the Plaintiff has incurred and will continue to incur, related expenses.  Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**216.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**217.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**218.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar.  Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for.  Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit.  Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants.  See "Exhibit T."  Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**219.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**220.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## SIXTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Defendants; USAA; USAA FSB; JPMorgan Chase Bank; Chase Bank USA, N.A.; J.P. Morgan Chase National Corporate Services, Inc.; Experian Data Corp.; Experian Information Solutions, Inc.; Experian Services Corp.; Gulf Credit Services, Inc. also known as Collection Services, Inc., also known as CSI; and Verizon Cellco Partnership, d/b/a Verizon Wireless.**

**221.** Plaintiff, Christopher P. Langan, incorporates by reference paragraphs 1 through 220, inclusive, of this complaint as if fully set forth herein.

**222.** The allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**223.** Plaintiff alleges the following;

**224.** In general this cause of action, primarily arises from the Defendants willful violations of the Credit CARD act, negligence and violations under the Cal. Bus. & Prof. Code § 17200 et seq.

**225.** Defendants' knew Plaintiff was transitioning out of the military, Plaintiff was disabled and in divorce proceedings, which make the Plaintiff particular susceptibility to emotional distress.

**226.** Plaintiff requested verification/cease communication in U.S. Postal Service certified receipt letters sent to the Defendants, which Defendants signed for. Subsequently, Plaintiff requested a copy of his credit report, received said reports, disputed/notified Defendants of said debt dispute.[51]

**227.** Defendants unlawful conduct mentioned above was outrageous.

---

[51] *Id.*

**228.** Defendants unlawful conduct mentioned above was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

**229.** Defendants unlawful conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

**230.** As a further direct and legal result of the unlawful acts of the Defendants, the Plaintiff has incurred and will continue to incur, related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

**231.** Plaintiff has incurred and will incur attorney's fees in prosecuting this action.

**232.** As a proximate result of the acts alleged herein, Plaintiff suffered severe mental anguish and emotional and physical distress, and Plaintiff has been injured in mind and body as follows: humiliation, anxiety, depression, alcoholism, joint pain and sleep disorders, all to Plaintiff's damages in an amount according to proof.

**233.** By reason of the acts alleged herein, Plaintiff was prevented from attending to his usual occupation and thereby lost earnings both in the past and present in an amount according to proof. Plaintiff is attending Law School, with "bad credit," Plaintiff will not be admitted to the Bar. Plaintiff was an intelligence officer in the United States Air Force, with "bad credit," Plaintiff cannot obtain a required "clearance," to work the positions Plaintiff is most qualified for. Plaintiff is indigent, Plaintiff was in the process of getting evicted because Plaintiff could not get additional credit. Plaintiff suffered fees and late charges from third parties due to the actions of the Defendants. See "Exhibit T." Plaintiff is informed and believes and thereon alleges that he will thereby be prevented from attending to his usual occupation for an additional period in the future that he cannot now ascertain and will thereby sustain further loss of earnings.

**234.** The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**235.** As a result, Plaintiff suffered other damages to be proved at the time of trial.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

**ON ALL CLAIMS:**

1. **Cal. Civ. Code § 3345 states:**
   **(a) This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or <u>disabled persons</u>, as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.**
   **(b) Whenever a trier of fact is authorized by a statute to impose either <u>a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:</u>**
       **(1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.**
       **(2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.**
       **(3) Whether one or more senior citizens or disabled persons are**

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.**

Thus, all damages would triple. For example, the prospective cumulative damages associated to strict liability FCRA violations are $17,000.00, therefore because Plaintiff and class meet Cal. Civ. Code § 1761 (g), the strict liability damages would be $51,000.00 (3 x per $17,000.00) per Defendant.

2. Certification of one of the proposed alternative classes and notice thereto to be paid by Defendants;

3. For a constructive trust and accounting against the Defendants for all fees collected from Plaintiffs and the class for "unreasonable fees" in the form of damages on certain causes of action;

4. For restitution, disgorgement and other equitable relief on certain causes of action;

5. For an injunction ordering Defendants, and each of them, to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

6. For compensatory and general damages according to proof on certain causes of action;

7. For special damages according to proof on certain causes of action;

8. For attorney's fees and expenses pursuant to all applicable laws including without limitation, Cal. Civ. Code §1021.5, and the common law private attorney general doctrine;

9. Costs of the proceedings herein;

10. For both pre- and post-judgment interest on any amounts awarded; and

11. All such other and further relief as the Court deems just and proper.

**ON THE CLAIM FOR NEGLIGENCE:**

1. For damages according to proof;

2. Removal of the 1099-C from both Plaintiff's record and tax record;

3. For restitution of all monies wrongfully obtained; and

4. For attorney's fees pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

**ON CLAIMS FOR BREACH OF CONTRACT:**

1. For damages according to proof;

3. For restitution of all monies wrongfully obtained; and

4. For attorney's fees pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

**ON CLAIM FOR VIOLATION OF THE CREDIT CARD ACT**

1. For damages according to proof;

2. For lost earnings, past and future, according to proof;

3. An additional joint and several judgment, pursuant to 15 USC § 1640 (a)(2)(A)(iii), in favor of the Plaintiff and against each Defendant in the maximum amount allowed by law;

4. For reasonable attorney's fees, pursuant to 15 USC § 1640 (a)(3);

**ON CLAIM FOR VIOLATION OF THE CAL. SONG-BEVERLY CREDIT CARD ACT**

1. For damages according to proof;

2. For restitution of all monies wrongfully obtained; and

3. For attorney's fees pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

**ON CLAIM FOR VIOLATION OF CAL. CIV. CODE § 1671**

1. For damages according to proof;

2. For an order enjoining Defendants and their agents from engaging in the methods, acts, or practices alleged herein;

3. For restitution of all monies wrongfully obtained;

4. For disgorgement of all ill-gotten revenues and/or profits; and

5. For attorney's fees and costs pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 13-CV-04994-JST

**ON CLAIM FOR VIOLATION OF THE CAL. RFDCPA:**

1. For damages according to proof;

2. For statutory penalties of at least $100 and up to $1,000 for each class member;

3. For attorney's fees and costs pursuant to statute including, without limitation, Cal. Civ. Code § 1788.30(c).

**ON CLAIM FOR VIOLATION OF THE FCRA:**

1. For damages according to proof;

2. Removal the following from each respective report;

> *A. USAA Traverse Auto Loan account number 1000212827*
> > *1.       Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*
> > *2.       Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*
>
> *B. USAA Unsecured Personal Fixed Rate Loan 2 account number 1002534707*
> > *1.       Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 90 days past due in October 2011."*
> > *2.       Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011."*
>
> *C. USAA Unsecured Personal Fixed Rate Loan 1 account number 94296175*
> > *1.       Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011 and 30 days past due in June 2013."*
> > *2.       Per Equifax report 3228010708, USAA FSB lists "30 days past due in August 2011; 60 days past due in September 2011; 60 days past due in October 2011."*
>
> *D. USAA World Mastercard credit card 5491-2373-1367-7778*
> > *1.       Per Experian report 3845-8728-72, USAA FSB lists "30 days past due in October 2011."*

E. *Discover Bank account 6011-0046-4277-6534*
　　　　1.　　Experian report 3845-8728-72, as "30 days past due in September 2011; 60 days past due in October 2011," and "30 days past due in January 2012; 60 days past due in February 2012; 90 days past due in March 2012."

F. *WAL-MART/GE Capital account number 6032-2014-5032-6700*
　　　　1.　　Per Experian report 3845-8728-72, as "30 days past due in October 2011; 60 days past due in November 2011, 90 days past due in January 2012; 30 days past due in April 2012; 120 days past due in May 2012 and 120 days past due in June 2012."

G. *Cach LLC formerly, Square Two Financial formerly Collect America*
　　　　1.　　Cach, LLC, 4340 S. Monaco St. Unit 2, Denver, CO 80237, Phone: (800) 478-5541, collection account number 120018060369, address identification number 0190532135, Original creditor GE Money Retail Bank. Per Experian report number 3845-8728-72, dated August 16, 2013, "No status," but listed as an active collection account

H. *Collection Services, 180 E. Burgess Rd. Suite G, Pensacola, FL 32503, Phone: (850) 434-0883, partial account number 2600771, Address identification number 0190532135, Original Creditor, Holley Navarre Water System. Per Experian report number 3845-8728-72, dated August 16, 2013, "Collection account $222 past due as of August 2013.*

3. For lost earnings, past and future, according to proof;

4. For an award of punitive damages in an amount appropriate to punish defendant and to deter others from engaging in similar misconduct, pursuant to 15 USC § 1681n(a)(2);

5. For reasonable attorney's fees, pursuant to 15 USC §§ 1681n(c) and 1681o(b).

**ON CLAIM FOR VIOLATION OF THE CCRAA:**

1. For damages according to proof, including, but not limited to, court costs, loss of wages, and attorney's fees;

2. For punitive damages of not less than $100 nor more than $5,000 for each violation as the court deems proper;

3. For an order enjoining Defendant and its agents from the unlawful practices alleged herein; and

- 73 -

4. For attorney's fees and court costs pursuant to statute including, without limitation, Cal. Civil Code § 1785.31(e).

**ON CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1. For damages according to proof;

2. For restitution of all monies wrongfully obtained; and

3. For attorney's fees pursuant to statute including, without limitation, Cal. Civ. Code § 1717(a).

**ON CLAIM FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200 et seq.:**

1. For an order enjoining Defendant and its agents from engaging in the unlawful, unfair and fraudulent methods, acts, or practices alleged herein;

2. For restitution of all monies wrongfully obtained; and

3. For attorney's fees and expenses pursuant to all applicable laws including, without limitation, Cal. Civ. Code §1021.5, and the common law private attorney general doctrine.

**ON CLAIM FOR VIOLATION OF CAL. BUS. & PROF. CODE §1750 et seq.:**

1. For damages according to proof;

2. For an order enjoining Defendant and its agents from engaging in the unlawful methods, acts, or practices alleged herein;

3. For restitution of all monies wrongfully obtained;

4. For disgorgement of wrongfully obtained profits;

5. For punitive damages; and

6. For attorney's fees and expenses pursuant to statute including, without limitation, Cal. Civ. Code § 1780(d).

**ON CLAIM FOR DECLARATORY RELIEF:**

1. For a declaration that all unreasonable fees for all class members are void and not due or payable; and;

2. For attorney's fees pursuant to statute including, without limitation, Cal. Civil Code § 1717(a).

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs demand a trial by jury on all matters for which a jury trial is guaranteed.

<u>**VERIFICATION**</u>

I, CHRISTOPHER P. LANGAN, am the Plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  January 31, 2014

By: /s/ Christopher P. Langan

CHRISTOPHER P. LANGAN

Dated:  January 31, 2014

By: /s/ Christopher P. Langan

CHRISTOPHER P. LANGAN

Plaintiff Pro Per