1   STROOCK & STROOCK & LAVAN LLP
    JULIA B. STRICKLAND (State Bar No. 083013)
2   STEPHEN J. NEWMAN (State Bar No. 181570)
    ARJUN P. RAO (State Bar No. 265347)
3   JULIETA STEPANYAN (State Bar No. 280691)
    2029 Century Park East
4   Los Angeles, CA 90067-3086
    Telephone:  310-556-5800
5   Facsimile:  310-556-5959
    Email:      *lacalendar@stroock.com*
6
    Attorneys for Defendants
7     J.P. MORGAN CHASE NATIONAL CORPORATE
      SERVICES, INC., JPMORGAN CHASE BANK, and
8     CHASE BANK USA, N.A.

9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO DIVISION**

12

13  CHRISTOPHER P. LANGAN, Individually and )   Case No. 13-cv-04994-JST
    on Behalf of All Others Similarly Situated;  )
                                                 )   **NOTICE OF MOTION AND MOTION OF**
14                Plaintiffs,                    )   **DEFENDANTS J.P. MORGAN CHASE**
                                                 )   **NATIONAL CORPORATE SERVICES,**
15           vs.                                 )   **INC., JPMORGAN CHASE BANK, AND**
                                                 )   **CHASE BANK USA, N.A. TO STRIKE**
16  UNITED SERVICES AUTOMOBILE                   )   **CLASS ALLEGATIONS PURSUANT TO**
    ASSOCIATION; UNITED SERVICES                 )   **FEDERAL RULE OF CIVIL PROCEDURE**
17  AUTOMOBILE ASSOCIATION FEDERAL               )   **12(f); MEMORANDUM OF POINTS AND**
    SAVINGS BANK; J.P. MORGAN CHASE              )   **AUTHORITIES IN SUPPORT THEREOF**
18  NATIONAL CORPORATE SERVICES, INC.;           )
    JPMORGAN CHASE BANK; CHASE BANK              )   Judge:  Hon. Jon S. Tigar
19  USA, N.A.; EXPERIAN DATA CORP.;              )
    EXPERIAN INFORMATION SOLUTIONS,              )   Hearing:
20  INC.; EXPERIAN SERVICES CORP.; GULF          )   Date: April 17, 2014
    CREDIT SERVICES, INC. also known as          )   Time:  2:00 p.m.
21  COLLECTION SERVICES, INC., also known        )   Place:  Courtroom 9, 19th Floor
    as CSI; VERIZON CELLCO PARTNERSHIP,          )
22  d/b/a VERIZON WIRELESS; and DOES 4           )   [[Proposed] Order lodged concurrently]
    through 25, inclusive;                       )
23                Defendants.                    )
                                                 )
24  _____)
                                                 )
25                                               )

26

27

28

LA 51724921

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2014, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Jon S. Tigar, in Courtroom 9, 19th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendants J.P. Morgan Chase National Corporate Services, Inc., JPMorgan Chase Bank and Chase Bank USA, N.A. (collectively, "Chase") will and hereby do, move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(f), striking all allegations in the First Amended Class Action Complaint dated January 31, 2014 (the "FAC") purporting to set forth class claims.  Specifically, the following portions of the FAC, as alleged by plaintiff Christopher P. Langan ("Plaintiff"), should be stricken without leave to amend:

1.      Page 2, Line 14:  "individually and on behalf of the class described below"

2.      Paragraph 1, Page 3, Line 2:  "This is a class action on behalf of all individuals and entities such as Plaintiff."

3.      Paragraph 1, Page 5, Line 6:  "and class harm"

4.      Paragraph 1, Page 5, Lines 7 - 24:  "The class that Plaintiff represents is composed of disabled U.S. veteran credit consumers.  The persons in the class are so numerous (consisting of approximately 1.8 million veterans in California and 22 million nationally) that the joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and to the court.  There is a well-defined community of interest in the questions of law and facts involved that affect the parties to be represented, involves the unlawful practices of credit card issues, debt collectors, furnishers of information to credit reporting agencies and other third parties, telephone companies and cellular phone companies.  Proof of a common or single state of facts will establish the right of each member of the class to recover.  The Plaintiff's claims are typical of those of the class and Plaintiff will fairly and adequately represent the interests of the class.  There is no plain, speedy, or adequate remedy other than by maintenance of this class action, since Plaintiff is informed and believes that the damage to each Plaintiff is relatively small in that most of the statuary violation remedies are generally, $100.00 to $1,000.00 per violation.  Consequently there would be a failure of justice but for the maintenance of the present class action.  The

- 1 -

LA 51724921

allegations of this complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

5.  Paragraph 2, Page 6, Line 19:  "and the class"

6.  Paragraph 6, Page 8, Line 11:  "and class are"

7.  Paragraphs 19-21, Pages 16-19:  in their entirety

8.  Paragraph 22, Page 19, Lines 5-10:  "Common questions of fact and law exist as to all class members, which predominate over any questions affecting only individual members of the class. The common legal and factual question which do not vary from class member, to class member and which may be determined without reference to individual circumstances of any class member include, but are not limited to, the following:"

9.  Paragraph 22, Page 19, Line 19:  "and class do"

10.  Paragraph 22, Page 24, Line 3:  "and class harm"

11.  Paragraphs 22-24, Pages 24-25:  in their entirety

12.  Paragraph 35, Page 27, Line 17:  "and class"

13.  Paragraph 40, Page 28, Line 6: "and the class"

14.  Paragraph 44, Page 28:  in its entirety

15.  Paragraph 51, Page 30, Line 9:  "and the class"

16.  Paragraph 52, Page 30, Line 16:  "and the class"

17.  Paragraph 53, Page 30, Line 19:  "and the class"

18.  Paragraph 64, Page 34, Line 23:  "and the class"

19.  Paragraph 74, Page 36, Line 20:  "and the class"

20.  Paragraph 78, Page 37, Lines 11, 12, 14, 16 and 19:  "and the class"

21.  Paragraph 79, Page 37, Line 20:  "and the class"

22.  Paragraph 80, Page 38, Line 1:  "and the class"

23.  Paragraph 81, Page 38, Line 4:  "and the class"

24.  Paragraph 87, Page 39, Line 12:  "and the class"

25.  Paragraph 106, Page 44, Line 2:  "and the class"

26.  Paragraph 122, Page 48, Line 22:  "and the class"

- 2 -

LA 51724921

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

27.     Paragraph 135, Page 52, Line 11:  "and the class"

28.     Paragraph 139, Page 53, Lines 1, 4, 5-6, 7 and 8:  "and the class"

29.     Paragraph 140, Page 53, Line 13:  "and the class"

30.     Paragraph 141, Page 53, Line 18:  "and class"

31.     Paragraph 141, Page 53, Line 19:  "and the class"

32.     Paragraph 147, Page 54, Line 19:  "and the class"

33.     Paragraph 151, Page 55, Line 18:  "the class"

34.     Paragraph 154, Page 57, Line 7:  "and the class are"

35.     Paragraph 159, Page 58, Line 7:  "and the class"

36.     Paragraph 163, Page 59, Line 4:  "the class"

37.     Paragraph 164, Page 59, Line 5:  "and the class are"

38.     Paragraph 168, Page 59, Line 18:  "and the class"

39.     Paragraph 185, Page 60, Lines 23 and 24:  "and class"

40.     Paragraph 186, Page 61, Line 5:  "and class"

41.     Paragraph 192, Page 62, Line 6:  "and the class"

42.     Paragraph 199, Page 63, Line 9:  "and class"

43.     Paragraph 205, Page 64, Line 16:  "and the class"

44.     Paragraph 214, Page 65, Line 20:  "and class"

45.     Paragraph 220, Page 67, Line 1:  "and the class"

46.     Paragraph 235, Page 69, Line 4:  "and the class"

47.     Prayer for Relief, Page 70, Line 5:  "and class"

48.     Prayer for Relief, Page 70, Line 7:  "Certification of one of the proposed alternative classes and notice thereto to be paid by Defendants"

49.     Prayer for Relief, Page 70, Line 10:  "and the class"

50.     Prayer for Relief, Page 72, Line 3:  "for each class member"

51.     Prayer for Relief, Page 75, Line 2:  "for all class members"

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 13-cv-04994-JST

LA 51724921

1        This Motion is based on the grounds that the allegations described above are improper and

2   not drawn in conformity with applicable law.  Specifically, as alleged, Plaintiff cannot adequately

3   represent the class, as required by Federal Rule of Civil Procedure 23(a)(4).

4        This Motion is based on this Notice of Motion and Motion, the concurrently filed

5   Memorandum of Points and Authorities, the pleadings and papers on file herein, all other matters

6   of which the Court may take judicial notice, and such other and further evidence and argument as

7   may be presented in connection with this Motion.

8

9   Dated:  February 27, 2014        STROOCK & STROOCK & LAVAN LLP

10                 JULIA B. STRICKLAND
    STEPHEN J. NEWMAN
    ARJUN P. RAO

11                 JULIETA STEPANYAN

12  By:

13                     */s/ Stephen J. Newman*
                       Stephen J. Newman

14  Attorneys for Defendants
         J.P. MORGAN CHASE NATIONAL

15       CORPORATE SERVICES, INC.,
         JPMORGAN CHASE BANK, and

16       CHASE BANK USA, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 13-cv-04994-JST

LA 51724921

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Plaintiff has failed to plead that all the requirements of Federal Rule of Civil Procedure 23 have been met.  Although Plaintiff cannot meet any of the elements of Federal Rule of Civil Procedure 23(a) or (b), in this motion Chase only addresses the requirements of Rule 23(a)(4) – adequacy of representation.  Because as a matter of law, Plaintiff fails to plead compliance with Rule 23(a)(4), his class allegations should be stricken.

### I.       THE FIRST AMENDED COMPLAINT

Plaintiff's allegations are summarized in the concurrently-filed Motion to Dismiss.  He alleges that a number of distinct entities engaged in completely unrelated wrongs against him and purports that other veterans are also in the same position as he.

Plaintiff proposes a California class and a nationwide class for his claims against each defendant:

> A. All disabled veteran customers of the Defendants in California who have been or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a "reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing harm ("California class"); or B. All disabled veteran customers of the Defendants in the United States, who have been or had; their property destroyed through negligence, erroneous tax information maliciously provided to the IRS, been or being denied lawful contract terms, suffered harm due to the  unlawful misuse of Federal Communications Commission Consent Decrees and regulations, suffered due to the unlawful misuse of the California Consumer Bill of Rights Governing Telecommunications Services and previous settlement agreements, been or being billed excessive and unreasonable fees, been or being billed interest rates in violation of the Credit Card Act, inaccurate (unverified/validated) information furnished to a CRA, information furnished to CRAs without a

- 1 -

LA 51724921

"reasonable investigation" and failed to receive written notice of furnishing of negative information to the CRAs and thus unlawful practices under Cal. Civ. Code § 1671, Cal. Bus. & Prof. Code § 17200 et seq and § 17500 et seq, the RFDCPA, the FCRA, the CCRAA, breach of covenant of good faith and fair dealing and Cal. Bus. & Prof. Code § 17500 et seq occurred, causing the Plaintiff and class harm ("Nationwide class").

(FAC, ¶ 20).  As a matter of law, neither of the proposed classes is certifiable under Federal Rule of Civil Procedure 23(a)(4), as shown below.

## II.    ARGUMENT

### A.    Class Allegations May Be Challenged At The Pleading Stage Under Rule 12(f).

A court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).  It is well-established that allegations seeking to pursue claims on a class or representative basis may be challenged through Rule 12(f).  See, e.g., Ardoin v. Stine Lumber Co., 220 F.R.D. 459, 461, 467 (W.D. La. 2004) (granting defendants' motion to strike class action allegations pursuant to Rule 12(f)); Miller v. Motorola Inc., 76 F.R.D. 516, 518 (N.D. Ill. 1977) (granting defendant's motion to strike the class allegations of plaintiff's complaint because the proposed class is overly broad); Shah v. Wilco Sys., Inc., 126 F. Supp. 2d 641, 656-57 (S.D.N.Y. 2000) (striking class allegations in conjunction with a motion to dismiss).

Where, as here, it is clear on the face of the pleading that the claims are not susceptible to class treatment, the class allegations may be stricken or dismissed at the outset.  Doing so protects the Court and the parties from wastefully expending time and resources in discovery and preparing for a class certification hearing where such a motion cannot possibly be granted.  See, e.g., Route v. Mead Johnson Nutrition Co., No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("Where the matter is sufficiently obvious from the pleadings, a court may strike class allegations."); Lyons v. Bank of Am., NA, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (noting that the court has the authority to strike class allegations before

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51724921

1 discovery and in advance of a motion for class certification if the complaint demonstrates that a

2 class action cannot be maintained); Aguilar v. Allstate Fire & Cas. Ins. Co., No. 06-4660, 2007 WL

3 734809, at *2 (E.D. La. Mar. 6, 2007) ("A court may strike class allegations under Rule 23(d)(4)

4 where a complaint fails to plead the minimum facts necessary to establish the existence of a class

5 satisfying Rule 23's mandate."); Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J.

6 2003) (noting that motion to strike class allegations prior to discovery is appropriate "where the

7 complaint itself demonstrates that the requirements for maintaining a class action cannot be met");

8 Shah v. Wilco Sys., Inc., 126 F. Supp. 2d at 656-57 (striking class allegations in conjunction with a

9 motion to dismiss); Lumpkin v. E.I. Du Pont De Nemours & Co., 161 F.R.D. 480, 481 (M.D. Ga.

10 1995) (striking class allegations because "the issues are plain enough from the pleadings to

11 determine whether the interests of the absent parties are fairly encompassed within the named

12 plaintiff's claim" (citations omitted)).

13        The FAC is precisely the type of pleading that reveals on its face that the claims alleged

14 therein are not appropriate for class treatment.  Accordingly, the Motion should be granted in its

15 entirety and the class allegations stricken.

16 **B.      Plaintiff Cannot Satisfy Rule 23(a)(4).**

17        Rule 23(a) requires a plaintiff to demonstrate:  (1) numerosity; (2) commonality; (3)

18 typicality; and (4) adequacy of representation.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613

19 (1997) (citing Fed. R. Civ. P. 23(a)).  Additionally, Rule 23(b) requires a plaintiff to show that

20 "questions of law or fact common to class members predominate over any questions affecting only

21 individual members, and that a class action is superior to other available methods for fairly and

22 efficiently adjudicating the controversy."  Although Chase contends that Plaintiff cannot satisfy

23 any of the requirements of Rule 23(a) or (b) – only the requirements of Rule 23(a)(4) are addressed

24 below, as it is abundantly clear that Plaintiff fails to plead a class claim that satisfies this provision.

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 13-cv-04994-JST

LA 51724921

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    Rule 23(a)(4) requires that the Plaintiff "fairly and adequately protect the interests of the

2    class."  However, the case law is clear that "a pro per plaintiff cannot adequately protect the

3    interests of the class."  Bryant v. Oakland Tribune Newspaper Co., 1993 U.S. Dist. LEXIS 583, at

4    *2 (N.D. Cal. Jan. 11, 1993); Russell v. United States, 308 F.2d 78, 79 (9th Cir. Cal. 1962) ("A

5    litigant appearing in propria persona has no authority to represent anyone other than himself.");

6    Carter v. Foulk, 2009 U.S. Dist. LEXIS 30747, at *3 (N.D. Cal. Mar. 27, 2009) ("As a matter of

7    law, pro se prisoner plaintiffs are not able to fairly represent and adequately protect the interests of

8    a class.").  "The requirement of fair and adequate representation is perhaps the most important of

9    the criteria for class certification . . . because this requirement is grounded in the constitutional

10   principle of protecting the other class members' right to due process . . . ."  Miller v. Bd. of Educ.,

11   455 F. Supp. 2d 1286, 1294 (D.N.M. 2006).   Indeed, "[a]dequacy of representation is unique in

12   that it has a constitutional dimension, 'since it would violate due process to bind a class member to

13   a ruling against inadequate class representatives.'"   Pueblo of Zuni v. United States, 243 F.R.D.

14   436, 449 (D.N.M. 2007).

15   Plaintiff alleges that he has "retained attorneys experienced in the prosecution of class

16   actions, including complex cases and consumer actions, and Plaintiff intends to prosecute this

17   action vigorously."  (FAC, ¶ 22.)  However, none of these attorneys have appeared in the action.

18   The only plausible conclusion is that no independent class counsel stands ready to pursue any class

19   claims here.

20   Therefore, in light of all of the above, the Court should find that Plaintiff cannot meet the

21   requirements of Federal Rule of Civil Procedure 23(a)(4).

### III.    CONCLUSION

23   Based on the foregoing, Chase respectfully requests that this Court grant the Motion in its

24   entirety.

25

26

27

28

- 4 -

LA 51724921

Dated:  February 27, 2014

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
ARJUN P. RAO
JULIETA STEPANYAN

By:     _____
                    */s/ Stephen J. Newman*
                    Stephen J. Newman

Attorneys for Defendants
    J.P. MORGAN CHASE NATIONAL
    CORPORATE SERVICES, INC.,
    JPMORGAN CHASE BANK, and
    CHASE BANK USA, N.A.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- 5 -

LA 51724921

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2014, a copy of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANTS J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., JPMORGAN CHASE BANK, AND CHASE BANK USA, N.A. TO STRIKE CLASS ALLEGATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Stephen J. Newman*
Stephen J. Newman

CERTIFICATE OF SERVICE
Case No. 13-cv-04994-JST

LA 51724921