UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PHILIP LANGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 13-cv-04994-JST<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE**<br><br>Re: ECF No. 121 |

## I. BACKGROUND

On September 23, 2014, the Court issued an Order regarding Defendants' unopposed Motions to Dismiss, Motion to Compel Arbitration, and Motion to Strike. ECF No. 102. In the Order, the Court permitted Plaintiff Christopher Langan to file an amended complaint curing the deficiencies identified in the Order within thirty days. Id. at 27. On October 15, 2014, Langan requested that the Court continue all proceedings until January 2015. ECF No. 106, at 2. He explained that he was not competent to represent himself and that it was likely that he would be able to retain an attorney after the release of the California Bar Exam results in November 2014, because he knows persons who took the July 2014 Bar Exam. Id. The Court denied this request, concluding that "[t]he prospect of retaining as an attorney, at some uncertain point in the future, an unnamed person who has yet to pass the California Bar Exam, is not good cause for a stay." ECF No. 111 at 2. Langan did not file an amended complaint. He also did not file a joint or separate case management statement pursuant to Civil Local Rule 16-9(a) and did not appear at the case management conference held on December 17, 2014. ECF No. 120.

On December 18, 2014, the Court issued an order to show cause why Plaintiff's claims should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

1  Procedure. ECF No. 121. The Court ordered Plaintiff to file a written response no later than
2  January 15, 2015, and set a hearing on the order to show cause on January 29, 2015. Plaintiff did
3  not file a written response by the deadline and did not appear at the hearing on the order to show
4  cause. ECF No. 128. The day of the hearing, he filed a document entitled "Plaintiff Motion for
5  Dismissal Without Prejudice," in which he explained that he has relocated from California to New
6  York and that he was unable to appear at the hearing on the order to show cause because he was
7  required to attend Compensation and Pension Exams required by the Department of Veterans
8  Affairs. ECF No. 127 at 2. Plaintiff stated that he "is not capable of continuing this case" but
9  asked "that the court allow the Plaintiff to withdraw his petition and have it dismissed without
10 prejudice." Id.

11 For the following reasons, the complaint is hereby dismissed with prejudice pursuant to
12 Federal Rule of Civil Procedure 41(b).

## II. LEGAL STANDARD

To determine whether to dismiss a claim for failure to prosecute or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), the Court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

## III. DISCUSSION

Here, the Court concludes that four of the five factors discussed above strongly support the dismissal of this action.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket weighs in favor of dismissal because by failing to comply with the Court's

1   orders, and especially by failing to file a response to the Court's order to show cause and to appear
2   in Court, Plaintiff has stalled this action, thereby depriving the Court of the ability to control the
3   pace of its docket and maintain "the efficient administration of judicial business for the benefit of
4   all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d
5   1275, 1279 (9th Cir. 1980).

6   With respect to the third factor, the risk of prejudice to the defendants, the mere pendency
7   of a lawsuit cannot constitute sufficient prejudice to require dismissal. Yourish, 191 F.3d at 991.
8   However, "[p]rejudice . . . may . . . consist of costs or burdens of litigation." In re
9   Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006)
10  (internal citation omitted). Moreover, "a presumption of prejudice arises from a plaintiff's
11  unexplained failure to prosecute." Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir.
12  2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a
13  court deadline. Id. Here, although Plaintiff filed a document on the morning of the order to show
14  cause hearing stating that he was unable to attend the hearing because of his Compensation and
15  Pension Exams in New York, he has offered no explanation for his failure to file a written
16  response to the Court's order to show cause by the January 15, 2015 deadline; to file a joint or
17  separate case management statement pursuant to Civil Local Rule 16-9(a); or to appear at the case
18  management conference held on December 17, 2014. ECF No. 127. The Court concludes that the
19  risk of prejudice to the defendants strongly supports dismissal.

20  The Court concludes that less drastic sanctions would be inadequate in this case. "Though
21  there are a wide variety of sanctions short of dismissal available, the district court need not
22  exhaust them all before finally dismissing a case." Nevijel v. N. Coast Life Ins. Co., 651 F.2d
23  671, 674 (9th Cir. 1981). Here, the Court has attempted the lesser sanction of issuing an order to
24  show cause and has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."
25  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Moreover, the use of fines or other sanctions
26  is inappropriate where Plaintiff has stated that he is no longer able to pursue this action. ECF No.
27  127 at 2. Accordingly, the Court concludes that this factor strongly supports dismissal.
28  The public policy favoring disposition of cases on their merits normally weighs strongly

against dismissal. See, e.g., Hernandez, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." In re PPA, 460 F.3d at 1228. Here, Plaintiff represents that he "is not capable of continuing this case." ECF No. 127 at 2. Because this case will not proceed toward resolution on the merits in any event, this factor does not weigh against dismissal pursuant to Rule 41(b).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby dismisses the complaint with prejudice. The Court concludes that it would be futile to grant further leave to amend because Plaintiff did not amend his complaint when permitted to do so, failed to timely respond to the Court's order to show cause, and now states that he is unable to continue to prosecute this case. Moreover, it would prejudice Defendants to dismiss this action with leave to amend where Plaintiff has provided no justification for the delay in prosecution of this case or for his failure to comply with the Court's orders.

The Clerk will close the file and terminate the case.

IT IS SO ORDERED.

Dated: February 8, 2015

_____
JON S. TIGAR
United States District Judge

4